Ronnie Lee ROBINSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 55058.

Supreme Court of Missouri,
Division No. 2.

June 8, 1970.

Lewis E. Pierce, Robert G. Duncan, Pierce, Duncan, Hill & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

On November 8, 1968, while represented by Mr. William Reece, an attorney on the staff of The Legal Aid and Defender So-ciety of Greater Kansas City, appellant entered a plea of guilty to the charge of first degree robbery and was sentenced by the court to imprisonment for a term of five years. Thereafter, appellant filed a motion under Supreme Court Rule 27.26, V.A.M.R. to set aside the judgment entered pursuant to his plea. In support of the motion he alleged that at the time of his arrest he was denied due process and equal protection of law because (1) an illegal search was made of the automobile in which he was riding, and (2) he was denied the right to counsel. He also alleged that when he entered his plea of guilty he did not have adequate assistance of counsel because his attorney (1) advised him to waive preliminary hearing, (2) would not file a motion to suppress evidence, (3) would not make a motion to commit him to a narcotics hospital, and (4) would not file a motion for a change of venue. After an evidentiary hearing the trial court denied appellant any relief, and he has appealed to this court. He presents only one of the allegations raised in the trial court; ineffective assistance of counsel.

The transcript of the proceedings at the time appellant entered his plea of guilty shows a most complete and thorough examination of appellant by the trial court. Appellant affirmatively stated, among other things, that he understood the charge against him and the range of punishment; that he knew he was entitled to a jury trial and that Mr. Reece would represent him; that he had discussed his plea with his attorney and had talked to his family and friends, and that he did not desire any further opportunity to talk with his attorney, family or friends; that he had not been induced to plead guilty by reason of any threats, promises or offers of reward; that he was in good health and had not been and was not then subjected to illness or mental or nervous condition which would prevent him from understanding the consequences of his plea; that he was not under any kind of medication or drugs; that he believed his attorney had done all that

reasonably could be done in his behalf and that he had no criticism of his representation; and finally, that he understood that the court would not permit anyone to plead guilty who claimed to be innocent, that he did commit the acts which were the basis of the charge against him, and that he was pleading guilty because he was guilty of the crime charged. The prosecuting attorney then stated that the circumstances giving rise to the charge against appellant were that he and Ray McGreevy ordered a dollars worth of gasoline at a service station, and while the attendant was putting the gasoline in the automobile, appellant pulled a gun on the attendant and robbed him of $50. His counsel requested a presentence investigation. When it was received, it was, in the words of the trial court, "not a very good report" in that it showed that appellant had repeatedly been in trouble with the law over a period of years. Even so, the court imposed the minimum sentence.

Counsel for appellant asserts in his brief that the "real question" in this case is "what must appointed counsel do before recommending a plea of guilty in order to afford the defendant effective assistance." This really goes to the issue of whether the appellant's plea of guilty was an intelligent plea understandingly made. "Whether a plea of guilty is unintelligent and therefore vulnerable * * * depends as an initial matter not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded. of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970).

We will examine the four occurrences which appellant's present counsel, in retrospect consideration, now asserts demonstrates ineffective counsel.

■ *Waiver of preliminary hearing.* Appellant testified that he agreed to waive his preliminary hearing on the advice of his then appointed counsel (Mr. James Harrington) after talking to his counsel and discussing the matter with him. He further testified that at the time he was on parole, and that he was told by his counsel and by the prosecutor that if "any evidence come out against me that my parole would automatically be revoked," and he believed that to be true. Appellant's own testimony demonstrates that the decision to waive a preliminary hearing was the result of a considered judgment. Whether in retrospect some other person might disagree with the conclusion reached is immaterial. The decision was not without a reasonable basis, and cannot constitute proof of ineffectiveness of counsel in the constitutional sense.

■ *The motion to suppress evidence.* Appellant charges ineffectiveness of counsel because no motion to suppress evidence was filed. This contention is without merit for two reasons. First, the testimony of defendant establishes that at the time of his arrest he was a passenger in an automobile owned by Mary Jo McCann who gave permission to the police officers to search the automobile. His testimony also demonstrates that in any event the search was an incident to a lawful arrest. Counsel cannot be found to be ineffective in the constitutional sense in failing to file a motion to suppress when the facts demonstrate that such a motion would have been without merit. Second, this case never went to trial. No evidence obtained by reason of the search was used against appellant, and appellant does not show what if any evidence so obtained could have been used against him. In addition, his counsel testified that he did not refuse to file such a motion to suppress, and that if the case had gone to trial "this motion probably would have been filed," but in his opinion the case did not get to the place where such a motion should have been filed.

■ *The request for a change of venue.* Appellant testified that he asked Mr. Reece if he would file a motion for a change of venue because he "wanted to get out of

Jackson County." Whether or not a motion for a change of venue should have been filed if the case had gone to trial is speculative. There is no evidence showing that the failure to file one would have been prejudicial to appellant. We decline to rule that failure of counsel to comply with each and every request of an accused constitutes evidence of ineffectiveness of counsel.

■■ *The request to be committed to a narcotics hospital.* Appellant testified that he told his counsel that he had used narcotics prior to the time he was arrested and that he requested that counsel file a motion to see if he could "be considered for a narcotics hospital." He further testified that at the time of his arrest he was under the influence of narcotics, and that the "syringes and stuff" found in the automobile of Mary Jo McCann belonged to him. Mr. Reece testified that he had no knowledge that defendant used narcotics or claimed to do so, and that there was nothing in the State's file, which was made available to him, or in his files which indicated that appellant used narcotics. The arresting officer testified that at the time of the arrest appellant did not appear to be under the influence of narcotics "any more than now." Mr. Reece testified that if he had any "inkling" that appellant had a narcotics affliction he would have sought a mental examination to determine his condition at the time of the offense and whether he was competent to stand trial. Counsel cannot be held to be ineffective in the constitutional sense for failing to act on facts which he, in good faith, was not aware. State v. Wilkinson, Mo., 423 S.W. 2d 693.

The trial court found that appellant "had the effective assistance of counsel," and that finding is not clearly erroneous.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.