[redacted]

**Bill Louis COLTHORP, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55905.**

Supreme Court of Missouri,
Division No. 2.

May 10, 1971.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Robert G. Duncan, Kansas City, for movant-appellant.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

In holding up, with shotgun and revolver, and robbing David Weinstein and wife, operators of David's Market, on August 25, 1967, of at least $791.22, Bill Louis Colthorp and Joseph Demarian Johnson, in separate trials, were found guilty of robbery in the first degree and sentenced to 45 and 25 years' imprisonment. State v. Colthorp, Mo., 437 S.W.2d 75; State v. Johnson, Mo., 457 S.W.2d 762. The irrefragable details of their guilt are set forth in the two reported cases and need not be repeated here. It is sufficient to say that Colthorp pointed a loaded, cocked shotgun at Mrs. Weinstein and forced her to kneel beneath a counter. Unknown to the robbers a burglar alarm signaled the police and officers arrived in time to see Colthorp run from the store with a shotgun rolled up in a yellow bath mat or rug. After a warning shot Colthorp fell to the ground, his arm on the rug and gun, "the shotgun was loaded with a shell in each barrel and was cocked for firing when taken from defendant." (437 S.W.2d l.c. 77.) It was Colthorp's theory upon his original trial and that of his lawyer upon this appeal that he was a "loner," entered the store for the purpose of robbing it, that it was a mere coincidence that two others were holding up and robbing Mr. Weinstein at the same time, that he had nothing to do with the other gunmen, that he got no money and at best was only guilty of attempted robbery. Of course no one believed or accepted this transparent version

of the robbery and, as stated, both Johnson and Colthorp were found guilty, the third robber was not apprehended. In any event, in November 1969, Colthorp instituted this 27.26 proceeding to vacate the 1968 judgment and sentence. His pro se motion is another long-winded, rambling document with citation of long lists of cases, all in violation of the terms and spirit of Rule 27.26, V.A.M.R. and its prescribed form. His present lawyer filed an amendment to the motion and upon this appeal has reduced the case to a single question—ineffective counsel upon his original trial.

In this proceeding there were but two witnesses, Colthorp and his trial lawyer, Mr. Jon Krebbs, a member of the Legal Aid and Public Defender's Society of Kansas City. It is not necessary to detail Colthorp's testimony, upon this appeal his counsel urges as establishing ineffective counsel and thus invasion of constitutionally protected rights these items: Mr. Krebbs graduated from the University of Missouri School of Law at Kansas City and was admitted to practice on September 3, 1967. Prior to admission he was an investigator for the Legal Aid Society. Before trying Colthorp's case Mr. Krebbs had tried five or six felony jury cases and had "second chaired" Mr. Hill and others in criminal cases. Here his lawyer relies on Mr. Krebbs' youthfulness and limited experience arguing in effect that he was entitled to representation by seasoned, long-experienced counsel. This argument is advanced despite the fact that as to ineffective counsel "The test is in performance, not years of experience." State v. Schaffer, Mo., 454 S.W.2d 60, 63. But in addition to youthfulness and limited experience his present lawyer urges as ineffective counsel allegations of a lineup without an attorney, preliminary hearing without an attorney, failure of counsel to offer evidence, failure of counsel to make objections to certain evidence, particularly the admission of the shotgun, counsel's inadequate argument, as "(h)e made no argument that the defendant didn't at least attempt a robbery, except momentarily in passing," and numerous other detailed complaints. As to each and every item the court made twenty specific and separate findings of fact together with lengthy supporting conclusions of law. The court's findings are all supported by the record and by the testimony of Mr. Krebbs. Merely to illustrate—Colthorp claims that his lawyer failed to call a certain witness, "Lovie," at one point said to be his "common law wife." He said "she could have told where I was prior to that and the fact that I didn't have nothing on me (a gun) as I left this house in Parade Park." Mr. Krebbs said that Colthorp gave him the address of an albi witness but, he said, "When we arrived at the address he gave us, it was a boarded up building or garage in which there was no life, there was no way to get into the building so we thought that perhaps he had given us the wrong address, so I went back at another date and talked to Mr. Colthorp and he thought he didn't have any other address so that was the end of that possible lead there." An almost identical occurrence in connection with a claim of ineffective counsel is described and considered adversely to appellant's contention in State v. Woolbright, Mo., 449 S.W.2d 602.

It would serve no useful purpose to detail all the items relied on and demonstrate either their invalidity or futility. Neither is it necessary to review the federal cases, this jurisdiction, certainly since 1882, has recognized that ignorance or other incompetency on the part of counsel may result in an infringement of constitutional rights. State v. Jones, 12 Mo.App. 93. It is sufficient here to say that every allegation and circumstance relied on is specifically considered in the following list of cases, all of which control this record and appeal. State v. Schaffer, supra; State v. Woolbright, supra; Crosswhite v. State, Mo., 426 S.W.2d 67; Garton v. State, Mo., 454 S.W.2d 522; Robinson v. State, Mo., 454 S.W.2d 930; State v. Worley, Mo., 371 S.W.2d 221. The federal cases are all col-

lected and applied in the listed cases and, as indicated, upon this record there has been no infringement of constitutional or other rights and accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.