**Martin William MONTEER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26378.**

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

Howard L. McFadden, Circuit Public Defender, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voights, First Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM.

This appeal is from a judgment denying a motion under Rule 27.26, V.A.M.R., to vacate judgment and sentence upon a conviction of robbery in the first degree. The conviction was appealed and affirmed by the Supreme Court of Missouri in State v. Monteer, 467 S.W.2d 48 (Mo. banc 1971).

In his motion appellant alleged that he had been deprived the effective assistance of trial counsel in five particulars.

█ Appellant alleges, first, that his attorneys urged him to waive preliminary hearing thereby depriving him of a valuable discovery tool. At the hearing on the motion, however, appellant admitted that he had agreed to the waiver of preliminary hearing on his attorney's advice that it would be a source of discovery more advantageous to the state than to himself, and therefore damage appellant's case and those of his two co-defendants. A defendant who follows his attorney's professional judgment to waive preliminary hearing may not base a claim of ineffectiveness on that waiver, where the professional judgment is not without reasonable basis. Robinson v. State, 454 S.W.2d 930, 932[2] (Mo.1970). The first point is rejected.

██ The appellant next contends that to his detriment trial counsel failed to object to the admission into evidence of a knife allegedly used in the robbery. It is not suggested, however, on what basis the evidence could have been excluded. The testimony of the victim which identified the knife as the instrument the perpetrators held against her throat during the robbery was sufficient to warrant its admission. State v. Kern, 447 S.W.2d 571, 575 [3, 4] (Mo.1969). This point is also denied.

The next assertions of ineffective assistance of counsel relate to the failure of trial counsel to find and produce alibi witnesses known to defendant. The defendant was accused, in concert with accomplices Gaddis and Haselhorst, of the robbery of a service station in Marshall Junction. At the trial of the charge, defendant admitted he had been in Marshall Junction that morning, but contended alibi to the offense: that at the time of the robbery, at about 2:00 P. M. or 2:15 P. M. that afternoon, he was in the pool hall of Harry Leeton in Otterville, some 35 miles from the crime scene. At the hearing on the post conviction motion, defendant testified that he had asked his attorneys [1] to subpoena Leeton, who was served with compulsory process but did not appear—a lapse his attorneys did not discover until Leeton was called upon to testify. Defendant contends counsel were derelict in having announced ready for trial without having assured the presence of the witness.

Trial counsel testified that they had relied upon the subpoena to assure Leeton's presence. When, upon discovery of his absence, their efforts to locate the witness proved unavailing, counsel moved for an adjournment until Leeton could be found. The court had no occasion to rule this motion since, in the interim, defendant acceded to the suggestion of counsel to proceed without the witness because interviews with him had disclosed that his testimony would not exclude the possibility that defendant was at the scene of the crime at the time charged. And, in fact, at the Rule 27.26 hearing Leeton testified to a clear recollection that on the day of the robbery defendant and his two companions had entered his establishment at 3:10 P.M., some forty minutes after the offense at Marshall Junction, 35 miles away, had been perpetrated. Leeton also acknowledged service of subpoena upon him and explained that his failure to appear at defendant's trial was due to illness in the family.

██ It is evident from the record that trial counsel had reasonable basis to deter-

---

1. The charge against the defendant originally pended in Saline County but was transferred to Cole County and resulted in appointment of counsel in each county.

mine that the testimony of Leeton would not have unqualifiedly supported appellant's contention of alibi and that there was risk in offering that witness for such proof. The advice to forgo Leeton's testimony was on information fairly and frankly assessed and disclosed to defendant. The decision by counsel that the testimony of the witness under subpoena would be harmful to the client's cause, and therefore not to be used, is a trial strategy which does not afford a basis for a finding of ineffectiveness of counsel. Cheek v. State, 459 S.W.2d 278, 280[2] (Mo.1970).

■ Defendant complains also that trial counsel neglected to call Gaddis and Haselhorst, the two accomplices, who would testify that the trio were together all afternoon, and that they were not at Marshall Junction when the crime was committed. On the day of trial, the three accused principals and their counsel conferred at length on the question of whether Gaddis and Haselhorst should be called to establish alibi for the defendant. Although Gaddis and Haselhorst were willing to give such testimony, their counsel objected since prosecutions were pending against their clients also. Counsel for defendant concluded that the criminal records of Gaddis and Haselhorst, both escaped felons, would make them readily susceptible to impeachment and thus be harmful to the defense. The defendant accepted counsel's advice and acquiesced in this strategy. His present claim of ineffectiveness of counsel for failure to call them as witnesses is frivolous.

The defendant complains also that his counsel should have found four witnesses, Eugene Sypolt, Donald Aggeler, Leonard Lanham, and one other man unidentified, who would have placed him in Clifton City, five miles north of Otterville and thirty miles from the scene, at the time the crime was committed. [The seeming inconsistency of claim of alibi in both Otterville and Clifton City at the time of the offense is explained by defendant's testimony that the trio were drunk most of the day

and had no clear idea where they were at any given time.] At the evidentiary hearing on the post-conviction motion, the defendant conceded that he had not asked his counsel to subpoena the four witnesses because he neither knew their names nor where they were to be found. He knew Sypolt only as Gene and learned his full name only later when they were both confined in the penitentiary. At the evidentiary hearing Sypolt testified that on the day of the offense he had been travelling with Leonard Lanham and another man, unidentified, when they ran into the defendant and his two companions in Clifton City at about 2:30 P.M., changing a flat tire on their car. Sypolt was fairly well intoxicated at that time. They talked a bit and drank liquor. Before they parted, Sypolt [who was then between periods of incarceration] sold them a tire, some guns and radios. Sypolt testified that he had not been asked to testify by defendant's counsel. As to Aggeler, another witness from Clifton City defendant contends his counsel should have presented for alibi, he testified that, according to his books, on the day of the robbery he had sold ammunition to a person by the name of Monteer, but he could not identify defendant as the person who had made the purchase. The transaction was about in the middle of the afternoon, 3:00 P.M. or perhaps closer to 2:00 P.M. Neither counsel for defendant ever made inquiry of him concerning the matter.

■ Counsel for defendant testified that defendant had asked them to find, for alibi testimony, a man [not further identified] in Clifton City from whom he had made some purchases on the day in question. The defendant also asked counsel to find, for alibi, the pool hall operator at Otterville with whom he played several games on the afternoon of the offense. The record shows that counsel fully and exhaustively investigated the lead of the pool hall operator, found the witness Leeton, and placed him under subpoena. Counsel made no direct

investigation in Clifton City, However. Although counsel had the duty to make such investigation as the circumstances require [McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971)], he also has the right to exercise his professional judgment as to leads suggested by the defendant. McNamara v. State, 502 S.W.2d 305, (Mo., adopted November 12, 1973.) Counsel will not be condemned as ineffective for neglecting to follow a will-o-the-wisp. A defendant who contends inadequate investigation by counsel has the burden of showing that an adequate investigation would have uncovered evidence which would have improved his trial position [McKnight v. State, 497 S.W.2d 201, 202 (Mo.App.1973)] and that he was prejudically deprived of evidence of substance because of counsel's neglect. McQueen v. State, *supra*, l. c. 475 S.W.2d 118.

The record conclusively shows that counsel for defendant acquitted their professional and ethical duties to defendant with exacting diligence and defendant has failed to prove that failure to investigate further for additional alibi witnesses was prejudicial to his defense at the trial. The record conclusively shows also that even the most assiduous search in Clifton City would have disclosed only Aggeler [Sypolt and the others were transients], whose testimony that the sale of gun shells to a person named Monteer was transacted at 2:00 P. M. or 3:00 P.M. on the day of the robbery was at best not only equivocal, but of like quality as the testimony which Leeton was prepared to give, but waived by the defendant himself. Thus, counsel's alleged neglect did not deprive defendant the defense of alibi or result in other substantial prejudice. McQueen v. State, *supra*.

The final point, that counsel was ineffective for failure to object on allocution to the absence in the verdict form of the words "as charged in the information", which defect denied the trial court jurisdiction to render judgment, has been resolved by State v. Saussel, 265 S.W.2d 290, 294 (Mo. banc 1954) which held that such a recitation was not essential to a valid verdict. The court there determined that a verdict which contains all the essential elements of the charge and which is definite and certain enough to operate as a bar to further prosecutions for the same offense is sufficient.

The judgment is affirmed.