Leon Claude FRITZ, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 27488.

Missouri Court of Appeals, Kansas City District.

June 2, 1975.

198

Willard B. Bunch, Public Defender, 16th Judicial Circuit, Henri J. Watson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

This appeal is from a denial, after evidentiary hearing, of a Rule 27.26, V.A.M.R., motion to set aside a judgment and sentence for burglary.

The appellant contends (1) the failure of trial counsel to interview the State's witnesses deprived him of the intelligent and knowing choice between a jury trial and a plea of guilty and (2) he was prejudiced when the trial judge advised the prosecutor how to properly phrase questions to the witnesses.

At the trial of the offense, the State presented four witnesses: the burglary victim, the two police officers who had investigated the burglary and Special Agent Kelly of the United States Treasury Department, who had arrested the appellant.

At the hearing on the Rule 27.26 motion, trial counsel for appellant conceded he had interviewed neither the police officers nor the victim because he already knew what their testimony would be. Trial counsel had, prior to trial, discussed the case with Special Agent Kelly; he had reviewed the statements of the police officers and Special Agent Kelly in the State file to which he had been given access by the prosecuting attorney; he had observed the scene of the crime and heard all the testimony of the witnesses for the State [except for Special Agent Kelly who did not testify] at the preliminary hearing. Counsel consulted with appellant about the case at least three times, advised him of the comparative merits of a trial or a plea and did not coerce the appellant to the trial alternative. Counsel also testified that he was not surprised at any testimony which was given by the State at the trial.

The appellant testified that he had retained the counsel [whom he now censures] for the trial of the burglary case. They consulted together three or four times and communicated effectively. They did not, however, discuss the possibility of a plea of guilty. The appellant never asked his counsel to withdraw; rather, after judgment of conviction, he retained him to pursue the appeal.

In order to support a claim of ineffective assistance of counsel under a Rule 27.26 proceeding, the movant must show that the conduct or dereliction of counsel so prejudiced him as to have deprived him of a fair trial; and it is not enough that counsel could have adopted a tactic or procedure other than that actually used. State v. Davis, 505 S.W.2d 115, 118[3] (Mo.App.1973). A movant who contends inadequate investigation by counsel has the burden of showing that a fuller investigation would have uncovered evidence which would have improved his trial position and that he was deprived of evidence of substance by such neglect to his prejudice. State v. Monteer, 506 S.W.2d 25, 28[8] (Mo. App.1974). Although the investigative techniques used by trial counsel here did not involve the direct confrontation of the State's witnesses, there was no showing that appellant was deprived of evidence otherwise available by that method nor that the defense was in any manner prejudiced.

The appellant next contends that his trial was prejudiced when the court suggested to the prosecutor that the proper phrasing for a number of questions to which objections had been sustained. The appellant surmises that these judicial comments were expressions of opinion as to the worth of this evidence to the State. Three of these statements, concededly, were outside the hearing of the jury and so could not have had an adverse effect upon them. State v. Pearson, 519 S.W.2d 354 (Mo.App. 1975). The appellant insists however, that this response of the court in the hearing of the jury to the objection of his counsel shows prejudice:

MR. FOX [counsel for appellant]:

I'm going to object to that because he's testified, [sic] the evidence is in, he's in police custody at this point. Now, the burden is on the State to establish what they told him with respect to his rights before any statement was made, if the Court please.

THE COURT:

Ask the officer that question, Mr. Smart, what he specifically said.

The appellant contends that by this ruling the court merely used the prosecutor as a conduit for judicial questioning. The record more fairly allows the conclusion that it was the objection itself which prompted the ensuing inquiry and that the comment of the court was equivalent to a ruling of "sustained". In this context, the conduct of the trial judge was neither a disparagement of the accused nor an expression of favor for the prosecution, and thus a perfectly impartial exercise of his inherent function in the administration of justice. State v. Crockett, 419 S.W.2d 22, 27[10] (Mo.1967).

We note that in any event the contention the appellant attempts is at most a claim of trial error properly a subject for a motion for new trial, but inappropriate as a ground to vacate judgment. Cook v. State, 511 S.W.2d 819, 820[2] (Mo. 1974). The appellant neither objected to the comments of the court at the trial of the offense nor did he preserve the contention of error by motion for new trial. It will not avail the appellant now to claim plain error under Rule 27.20(c) or to allege the denial of a fair trial as to a matter so clearly assertable only as trial error. Sallee v. State, 460 S.W.2d 554 (Mo.1970).

The judgment is affirmed.

All concur.