**John Bell BROWN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 39244.

Missouri Court of Appeals, St. Louis District, Division One.

Dec. 20, 1977.

Motion for Rehearing and/or Transfer Denied Jan. 18, 1978.

David V. Uthoff, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Carson Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

Movant John Bell Brown (hereafter Defendant) has appealed denial of his Rule 27.26 motion. We affirm.

In 1971 defendant was convicted of armed robbery and after a finding of seven previous felonies the court sentenced him to 25 years' imprisonment. Judgment was affirmed on appeal. *State v. Brown*, 480 S.W.2d 843 (Mo.1972).

Defendant seeks to set aside his conviction by his present Rule 27.26 motion, contending he was deprived of effective assistance of counsel. He faults his court-appointed counsel for inadequate consultation, his failure to produce alibi witnesses and depose the victim.

Defendant and his trial counsel testified at the evidentiary hearing. The record warrants these findings of fact: Counsel employed an investigator to aid in trial preparation. Defendant told the investigator that on the day of the robbery he had been in jail in Illinois and his mother and grandmother could account for his whereabouts. Jail records showed defendant had been released several days before the robbery. Counsel was unable to find the victim for deposing and his motion for a continuance was denied. Defendant was identified only by the robbery victim. Trial counsel produced defendant's brother and sister-in-law to testify as to a change in defendant's personal appearance since the date of the robbery. After trial, counsel appealed and argued the case in the supreme court.

Defendant's general complaint is that his counsel failed to devote sufficient time in consultation with him. It would seem so superficially, but "the amount of time spent by an attorney with his client is not the standard for determining the adequacy of his efforts on behalf of his client." *Babcock v. State*, 485 S.W.2d 85[3, 4] (Mo. 1972). Here, defendant demolished his own asserted alibi, leaving misidentification the only viable defense. He has failed to meet

his burden of showing prejudice by insufficient consultation. *Fritz v. State*, 524 S.W.2d 197[1–3] (Mo.App.1975).

■ Defendant contends trial counsel failed to render effective assistance by not producing his mother and grandmother as alibi witnesses and by not deposing the victim. Assuming the verity of defendant's testimony that he told counsel about the possible alibi witnesses—which counsel did not confirm—their testimony would have conflicted with defendant's statement that he was in jail. And, further, defendant waited five years after conviction to file his post-conviction motion, by which time both witnesses were dead.

■ Defendant also contends that if counsel had deposed the victim—whom counsel could not locate—this "would have allowed defense counsel to find helpful areas of cross examination evidence." Defense counsel vigorously cross examined the victim at trial about his identification of defendant, which counsel considered the weak point in the state's case. Defendant does not demonstrate how deposing the victim would have enhanced that cross examination.

■ The ultimate test in determining adequate legal representation is whether the conduct of counsel so prejudiced defendant that he was denied a fair trial. *Arnold v. State*, 545 S.W.2d 682[1–4] (Mo.App.1976). Defendant failed to meet his burden of showing a fuller investigation would have uncovered evidence which would have improved his trial position and that by such neglect he was deprived of substantial evidence. See *Fritz v. State*, 524 S.W.2d 197[1–3] (Mo.App.1975). Since we cannot conclude the trial court's denial of defendant's motion was clearly erroneous, there is no reversible error. *Dill v. State*, 525 S.W.2d 437[2–3] (Mo.App.1975).

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.