Kenneth W. HODGE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 56648.

Supreme Court of Missouri,
Division No. 2.

March 13, 1972.

———◆———

John C. Russell, Raytown, for movant-appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

GERALD M. SMITH, Special Judge.

Movant appeals from the trial court's denial of his motion pursuant to Supreme Court Rule 27.26 V.A.M.R. in which he sought to quash the indictment of the Grand Jury or in the alternative to set aside his plea of guilty to manslaughter.

Movant was originally indicted for murder in the first degree. He was represented by Mr. Phillip Schwarz of the Legal Aid and Defender Society of Jackson County. After some negotiation the charge was reduced to manslaughter by the prosecuting attorney and movant pleaded guilty. The court imposed no sentence but placed movant on probation for five years. Upon breaking the conditions of his probation he was sentenced to ten years imprisonment. He does not attack the revocation of probation or the subsequent sentence. Instead his contentions relate to the original proceeding.

Movant raises two points: (1) the original indictment should have been quashed because the evidence before the Grand Jury was insufficient to support it and (2) movant was denied effective assistance of counsel because counsel did not conduct a sufficient investigation.

■ We need not discuss the legal propositions involved in the first point. Movant introduced into evidence the transcript of the testimony of one witness, Zito, before the Grand Jury. The prosecutor stated that the court reporter could not find any other notes in regard to the case before the Grand Jury. A letter from the court reporter was read which indicated that he had checked with another court reporter who would have covered the Grand Jury in the absence of the letter writer and he had nothing on another named witness. The trial court found, ". . . There was probably other evidence before the Grand Jury, but the record of that evidence has been lost." The record is inconclusive as to whether there was additional evidence before the Grand Jury other than the testimony of Zito. The fact a court reporter cannot find notes does not compel the conclusion that the Grand Jury had no other evidence before it. Movant had the burden of establishing the facts upon which he sought relief. He failed to carry his burden on the lack of evidence before the Grand Jury. Whether the facts if established would furnish any basis for relief we necessarily do not reach.

■ The trial court made a finding of fact that ". . . the Court finds that defendant's counsel who represented him was in no way incompetent, and, on the other hand, was highly competent under all the facts and circumstances presented to the Court." Only if we can hold this finding clearly erroneous can we reverse the trial court's denial of movant's motion. Rule 27.26(j) V.A.M.R.

■ Counsel had been in practice for approximately fifteen years, and was experienced in criminal work. He admitted he did not interview twenty of the twenty-one witnesses endorsed by the state prior to movant's guilty plea. He had, however, reviewed the police reports on the case which included statements of what the witnesses would say. He conferred with movant on at least three occasions and maybe five, and discussed the case thoroughly with him. He conferred on several occasions with the prosecutor and was aware of the nature and extent of the state's

proof. He filed a motion for mental examination of movant which was granted. He filed a motion to compel production of evidence in the hands of the prosecutor and police, which had not been ruled on at the time of the plea. The attorney's testimony and to a lesser degree that of movant indicates that movant's concern from the beginning was that he not have to serve time. Although there was some vacillation, movant indicated to Mr. Schwarz that if he could receive a five year sentence with probation he would plead guilty. As a matter of fact the disposition made following the plea was better than movant desired, for had he completed his period of probation successfully there would not even have been a conviction of record.

Movant advised his counsel that because of certain prior activities (never specified) he believed the police department of Kansas City would help him in obtaining probation. In his discussions with the prosecuting attorney, counsel was led to believe that the police department was indeed amenable to probation for movant and that as a result the prosecuting attorney would not oppose such disposition. Counsel advised his client of this and recommended that if such disposition were to be made he would advise a guilty plea to the manslaughter charge. On the basis of his relationship with the police movant personally felt such disposition was practically guaranteed. Counsel admitted that if he had had to go to trial he would have had to make additional preparation.

It is impossible to precisely enumerate what counsel in any given case should do to furnish his client with effective assistance. In each case the required activities will vary depending on the offense, the facts, the client and the lawyer. Ultimately the question is whether counsel has been effective in seeing that the defendant has received a fair trial or in this case a fair disposition of his case. See McQueen v. State of Missouri, Mo., 475 S.W.2d 111, decided December 13, 1971 (Concurring Opinion). The canons of ethics require that "A lawyer shall not . . . handle a legal matter without preparation *adequate in the circumstances."* Missouri Supreme Court Rule 4 DR6–101(2). (Emphasis mine.) In determining the circumstances counsel was not precluded from considering his client's desires not to serve time and his willingness to plead guilty if that could be avoided. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

Movant was charged with a capital offense. He had prior felony convictions, which raised questions of whether he could safely take the stand to deny his guilt. Counsel was aware of the evidence upon which the state would rely. He was aware of evidence of motive and that the state had some evidence of presence at the scene. He was able to negotiate a substantial reduction in the charge, and had reason to believe a plea for probation would be favorably received or at least not opposed by the prosecuting attorney. What additional assistance a further investigation would have provided on the question of whether to plead or not is difficult to ascertain. From a purely practical standpoint counsel was facing a potential of the death penalty for his client and his client had the opportunity to come out of the case with no prison time. Submission of the case to a jury, no matter what was developed, would have exposed his client to serious risks. Under the circumstances we cannot find the trial court's finding clearly erroneous.

Judgment affirmed.

All of the Judges concur.