Henry JONES, Jr., Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57134.

Supreme Court of Missouri,
Division No. 1.

March 12, 1973.

Courtney Shands, Jr., St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Assist. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from denial of relief in proceeding under Rule 27.26, V.A.M.R., from 20-year sentence on jury verdict of guilty of robbery in the first degree by means of a dangerous and deadly weapon. The judgment was previously affirmed on direct appeal. State v. Jones, Mo.Sup., 456 S.W.2d 7.

The conviction arose from what the state's evidence showed was a holdup at a pool hall in St. Louis on March 31, 1969.

The victim of the robbery, Julius Terrell, testified that defendant Henry Jones, Jr., entered the pool hall in which there were numerous other patrons, sought a game of pool and Terrell obliged him. At the conclusion of the game, on which there was no gambling and on which Terrell "ran out," Jones pulled a gun from his pocket and ordered Terrell to put all of his money on the table. Terrell did so. Jones picked it up and left the pool hall. Terrell and another patron followed Jones from the pool hall, encountered a police officer whose aid they obtained and Jones was arrested shortly, a block from the pool hall.

Jones testified that he entered the pool hall because he had seen dice shooting going on; that he entered the game and won some $57 from Terrell; that he and Terrell argued over defendant's "point" on one roll, and Terrell came at him with a pool stick and he took out his pistol and told Terrell to drop the pool stick. Terrell did so and Jones left the pool hall and shortly thereafter was arrested.

The issue raised on this appeal relates to a claimed inadequate assistance of counsel. Jones was represented by court-appointed counsel. In the course of the trial, Jones objected that his defense counsel was inadequate and sought his withdrawal. The request was denied. At the conclusion of the presentation of evidence, defense counsel informed the court that defendant had continually complained that he had been "framed," was not obtaining a fair trial and was not adequately represented by counsel. Counsel informed the court that the defendant had given him the names and addresses of no witnesses, had suggested no defense other than his taking the stand and telling the story which he told. Counsel said that he had repeatedly asked Jones if he had witnesses to support his story, but Jones had none.

No claim of inadequate representation by counsel was presented by defendant's motion for new trial.

In this proceeding, the claim of inadequate representation is based primarily upon the failure of counsel to make adequate investigation in preparation for trial. Trial counsel testified that he spent some 30 hours in preparing for trial. He talked with Jones four times. Jones asked him to contact his mother for help in obtaining witnesses. Counsel talked to Jones' mother six or eight times. She gave him the names of one or two persons whom he talked to, but they had no information of value. He tried to interview all of the state's witnesses listed on the indictment. He did not go to the pool hall to look for witnesses and he did not check the police records of the state's witnesses.

Jones testified that on at least four occasions he asked his trial counsel to go to the pool room to verify that he and Terrell had been gambling. He said that he specifically asked counsel to talk to the proprietor to whom Jones said he had pawned his watch to obtain money to gamble. At the 27.26 hearing, evidence was adduced on behalf of Jones that police records showed seven arrests of Terrell between 1955 and 1971, on gambling or suspicion of gambling, but there was no record of conviction as a result of any such arrests.

This case was heard and determined in the trial court prior to the determination by the court en banc of McQueen v. State, Mo., 475 S.W.2d 111. McQueen recognizes that defense counsel has a duty to investigate the case against his client. Under McQueen, on counsel's default in that regard, the defendant, when collaterally attacking the conviction, has the burden of showing that such default deprived him of a fair trial. This burden requires the defendant to demonstrate "that on retrial there will be evidence which is substantial and which was not available at the previous trial because of failure of his counsel to properly investigate." 475 S.W.2d 118.

■ The trial court's finding in this case that defense counsel "did all he could be

expected to do in representing his client" is clearly erroneous. The trial court's findings refer to counsel's conferences with defendant, his contact with the state's witnesses and his contacting the two persons to whom defendant's mother referred him. Ultimately, the court's excuse for further investigation is that Jones could provide the names of no witnesses in his behalf.

Such conclusions miss the mark as to the obligation of defense counsel in this case. Although the record does not clearly so indicate, Jones apparently was in jail pending trial. At least, defense counsel's testimony was that he conferred with Jones there. Jones testified that the March 31, 1969 visit was the first time he had ever been in the pool room. The two patrons of the pool room who testified on behalf of the state testified they had never seen Jones before the events in question. Unlike McQueen, where only the defendant and the deceased were present at the time of the crime, the offense here charged took place in a pool room, in which, according to a state's witness, there were 12 people, and according to Jones, 35. Jones did point his counsel to the proprietor of the pool room as a possible source of verification that gambling was going on between him and Terrell. Acknowledging that the likelihood of the proprietor's admission that gambling was going on in the pool room is not great, the proprietor was at least a source of possible verification of some aspect of the defendant's story and certainly a possible source of identification of others on the premises at the time.

Jones' story was not utterly implausible and only an independent effort of defense counsel in these circumstances would have satisfied his obligation to his client.

█ Given the error in the trial court's conclusion that defense counsel did all he could for the defendant, the absence of evidence that investigation could have provided substantial evidence favorable to the defendant at the trial must be reckoned with. Under McQueen, the defendant, on the 27.26, had the burden of providing such proof. Since the 27.26 was heard prior to McQueen, the absence of evidence in this regard is understandable. At least, prior to McQueen, there was reason for argument that the burden in that regard was on the state. See dissent of Seiler, J., in McQueen v. State, 475 S.W.2d 120–124, and cases there cited.

In these circumstances, the defendant should not be precluded from presenting any evidence which he might have to sustain his burden. See United States ex rel. Green v. Rundle, 3rd Cir., 434 F.2d 1112.

█ The other matters relied upon as evidence of inadequate assistance of counsel do not require extensive discussion. The uncovering of Terrell's police record does not constitute substantial evidence within the McQueen rule. The record of arrests alone was not admissible to impeach or contradict the witness even by way of cross-examination. State v. Sanders, Mo. Sup., 360 S.W.2d 722, 725[4]; State v. Menz, 341 Mo. 74, 106 S.W.2d 440, 448 [5, 6].

The complaint that investigation might have resulted in evidence corroborative of the state's case and have produced advice to the defendant to change his plea in an effort to work out a lesser sentence is utterly speculative.

The findings and order of the trial court are set aside and the cause remanded to the trial court for further proceedings in accordance with this opinion.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.