Frank Daniel HALL, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 34887.

Missouri Court of Appeals, St. Louis District.

May 29, 1973.

Bryan, Cave, McPheeters & McRoberts, Dennie C. Donnelly, William F. Tracy, II, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Daniel P. Card, II, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for respondent.

SIMEONE, Judge.

This is an appeal from a judgment and order of the Circuit Court of the City of St. Louis entered March 21, 1972 denying movant-appellant's amended [1] motion to vacate judgment and sentence under Supreme Court Rule 27.26, V.A.M.R. Appellant had been sentenced to 18 years in prison for second-degree murder in 1966.

Appellant's argument on appeal urges that the court erred in denying his motion and asserts that the error is based on "one common issue—the voluntariness of the movant's plea of guilty." More strenuously he contends that he was denied effective assistance of counsel because his court-appointed attorney failed to provide a certain minimum level of representation in failing to investigate the case and thus denying him his rights under the Sixth Amendment guarantee as incorporated in the Fourteenth Amendment.

Appellant contends that the only service counsel performed was that of an agent for plea bargaining and did not aid him in making an intelligent, informed plea. We agree and reverse.

Only two witnesses testified at the evidentiary hearing on appellant's motion—the appellant on his own behalf, and his origi-

1. Appellant had filed an earlier 27.26 motion which was overruled on October 14, 1970, but the court treated the present motion as an amendment to the earlier one. Memorandum of trial court February 7, 1972.

nally appointed counsel (not counsel on this 27.26 motion).

On March 21, 1966, Frank Daniel Hall was going into a confectionary when a young boy asked for money to buy wine. Appellant firmly refused and went inside. As he came out he was accosted by a group of young men, one of whom had drawn a knife. Another one in the group, Billy Lee Hall, (no relation to the appellant) approached appellant and said "That was my little cousin" and "I'm going to kill you." He put his hand in his pocket. Billy Lee Hall accused appellant of shoving his cousin. Appellant drew a 22-caliber revolver, but Billy Lee kept coming and appellant shot him when he was about 10 feet away. He still kept coming and appellant shot two more times. Appellant promptly turned himself in to the police. He was jailed, and when Billy Lee Hall died, a second-degree murder charge was later filed against appellant. At that time appellant was 56 years old and had only four years of schooling.

A court-appointed defense attorney first talked to an assistant circuit attorney and then came to see appellant. They talked for about fifteen minutes. The attorney told the appellant that the prosecutor stated he "had thirty-five years for me." Appellant said that "That's too much time for me." Counsel did not see appellant again until the day the case was set for trial, June 6, 1966. On that date counsel made his second visit to appellant and met him in the holdover. Counsel stated on this occasion "I can get you twenty years." Appellant again declined and a few minutes later counsel returned and said "I can get you eighteen years." Appellant said "You can't do no better than that?" When counsel replied "No", appellant pleaded guilty. He did not discuss the facts with counsel.

According to the arraignment transcript the trial judge (now deceased) asked ap-

pellant if he had talked with his counsel and if he realized he would go to the penitentiary if he pleaded guilty. The answers from appellant were in the affirmative and the judge had the prosecutor state the facts of the offense, but he did not question appellant or his counsel. Appellant stated "No, he didn't ask me about my case at all. I would have explained it to him if he had of." The court accepted appellant's plea of guilty and on the prosecutor's recommendation sentenced him to 18 years.

Appellant's appointed counsel testified at the post-conviction hearing. He originally had an office file on the case but could no longer account for it. He had no independent recollection of discussing the circumstances of the shooting or the case, although he stated "I probably did." He also stated that "I believe he wanted to plead guilty." Counsel testified that "I don't remember what I did in detail. I remember talking to Mr. Kitchin from the Circuit Attorney's office. I remember discussing our conversation with Frank Hall. I remember appearing before [the judge] that morning. Other than that I have a vague recollection of what happened." He did not remember the conversations he had with appellant and he "probably" asked him about the facts. He did not talk to any witnesses and made no investigation of the case. The trial court then denied appellant's motion.

On this appeal from the denial of his post-conviction motion appellant asserts "two distinct assignments of error which are nevertheless based on one common issue—the voluntariness of the movant's plea of guilty."[2] He contends that the finding of the court that he was not denied effective assistance of counsel and the finding of the court that his plea of guilty was knowingly, voluntarily and intelligently made were both clearly erroneous.

2. ". . . the claims of ineffective counsel and involuntary plea of guilty are 'concomitant' issues (Colson v. Smith, 5 Cir., 438 F.2d 1075, 1078) and thus it is not necessary to separately consider the appellant's points." Hulett v. State, 473 S.W.2d 410, 411 (Mo. 1971).

A motion filed under Rule 27.26 is an independent civil action. In such a proceeding the burden of establishing grounds for relief must be established by a preponderance of the evidence, Beach v. State, 488 S.W.2d 652, 656 (Mo.1972), and upon review we are limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

There is today no question that an accused is entitled to effective assistance of counsel. Jackson v. State, 465 S.W.2d 642, 645 (Mo.1971). While this principle is well settled, numerous standards have been stated to determine when counsel is deemed to be ineffective. A movant has a heavy burden to carry and it is recognized that counsel is vested with broad latitude and he is not to be adjudged incompetent and his client denied effective assistance of counsel by reason of what, in retrospect, appears to be errors of judgment. The most usual standard is that the ineffectiveness must amount to a "farce or a mockery of justice", Garton v. State, 454 S.W.2d 522, 530 (Mo.1970), or be "so woefully inadequate as to shock the conscience", State v. Caffey, 457 S.W.2d 657, 662 (Mo.1970), or be a " 'breach of his legal duty faithfully to represent' " his client, Holbert v. State, 439 S.W.2d 507, 510 (Mo.1969). In McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971), Chief Justice Finch, in a concurring opinion, stated that the test was ". . . whether there has been such failure on the part of the attorney that defendant has not had a fair trial." McQueen v. State, *supra* at 116.

"It is impossible to precisely enumerate what counsel in any given case should do to furnish his client with effective assistance. In each case the required activities will vary depending on the offense, the facts, the client and the lawyer." Hodge v. State, 477 S.W.2d 126, 128 (Mo.1972). The myriad of criminal charges, the peculiarities of each criminal case, the nature of the cause, and the desires of the client, as well as many other considerations, preclude the laying down of any absolute, objective rule which compels a conclusion that an attorney is ineffective in a given case.

The ultimate test is whether the efforts and representation of the attorney have reached a level of adequacy so that the defendant has had a "fair trial"; or if a plea of guilty is entered, that there has been such adequacy of representation that the plea is voluntarily and understandingly made. The canons of ethics require that "A lawyer shall not: . . . (2) Handle a legal matter without preparation adequate in the circumstances." Rule 4, DR 6–101(A)(2), V.A.M.R.

In this case we deal with a plea of guilty. A guilty plea represents "a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). It is a confession in open court. Once a guilty plea is entered, it is the general principle that determination of adequacy of representation becomes immaterial except to the extent that counsel's ineffectiveness bears on the issues of voluntariness and understanding of the plea. Barylski v. State, 473 S.W.2d 399, 402 (Mo.1971); Hulett v. State, *supra*, 473 S.W.2d at 411; Lee v. State, 460 S.W.2d 564, 567 (Mo.1970)—appellant is bound by his plea unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not a knowing and intelligent act.

In order for a plea to be voluntarily and understandingly made, the duty of counsel is to render such assistance as is " 'within the range of competence demanded of attorneys in criminal cases' ". Tollett v. Henderson, *supra*, 93 S.Ct. at 1608, quoting from McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

Appellant here complains that counsel made no investigation of the case at all and argues that the self-defense

claim at least warranted some investigation before he pleaded guilty. We agree. While we cannot lay down an absolute or "hard and fast rule" which requires counsel to conduct an independent investigation in all cases and under all circumstances [3] before a plea of guilty is entered by the defendant and accepted by the court, we are compelled to conclude, after examining the transcript and briefs, that there was, under the circumstances of this case, an inadequacy of counsel bearing on the issues of voluntariness and understanding as to appellant's plea of guilty and conclude that the judgment and order of the trial court are clearly erroneous.

After examining the transcript and briefs we are left with the definite and firm conviction that a mistake has been committed. Crosswhite v. State, 426 S.W. 2d 67, 70 (Mo.1968), and we conclude that the judgment was erroneous.

The record is devoid of that adequate assistance of counsel which would assure that the plea was entered voluntarily and with sufficient understanding. Appellant is an elderly, uneducated man who had been in jail for over three months. His appointed counsel had embarked on a course of plea bargaining even before seeing appellant. Recalling, although vaguely, that appellant had told him of circumstances which may constitute the defense of self-defense, counsel engaged in a course of plea bargaining. The record is barren of that assistance and advice of counsel which would assure that the plea was made voluntarily and understandingly. There is no proof to indicate that counsel discussed the case with appellant or explained or investigated possible defenses which may have been available.

Counsel's efforts on behalf of the appellant, under this record, were devoted to gaining a shorter sentence through negotiations with the circuit attorney. Hence, we hold that counsel's conduct and his representation in this case were insufficient for the appellant to have entered a voluntary and understanding plea. We do not hold that counsel engaging solely in plea bargaining would, in a proper case and under the proper circumstances, be found to be ineffective.[4] We only hold that in these circumstances there was ineffective assistance of counsel. Hence, we find that the judgment and order of the trial court were erroneous.

The judgment and order denying appellant's motion are reversed with directions to set aside the appellant's plea of guilty and the sentence imposed and the cause is remanded for further proceedings.

DOWD, C. J., and SMITH, WEIER, CLEMENS, KELLY, McMILLIAN and GUNN, JJ., concur.

---

3. In explaining the federal cases, our Supreme Court stated that where the defendant stands trial there is no ". . . hard and fast rule that . . . counsel must interview state's witnesses in all cases." Rather the investigation must be ". . . adequate to permit the proper presentation on behalf of the defendant of available defenses." McQueen v. State, *supra*, 475 S.W.2d at 114. See Jones v. State, 491 S.W.2d 233 (Mo.1973). Counsel's failure to conduct an investigation is not always a dereliction of duty. State of Missouri v. Turley, 443 F.2d 1313, 1317 (8th Cir. 1971). Compare the rule in the American Bar Association's Standards Relating to The Prosecution Function and The Defense Function (March 1971) Part IV, Investigation and Preparation, 4–1: Duty to Investigate, p. 161: "It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty . . . The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or his stated desire to plead guilty."

4. See Hodge v. State, *supra*.