Rico Leroy **FOSTER**, Movant, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 34976.

Missouri Court of Appeals,
St. Louis District.

Nov. 27, 1973.

Motion for Rehearing or Transfer Denied
Dec. 3, 1973.

Application to Transfer Denied
Jan. 14, 1974.

Charles D. Kitchin, Public Defender, James C. Jones, III, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Thomas J. Kavanaugh, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Acting Presiding Judge.

Movant Rico Leroy Foster appeals from an order of the circuit court denying his motion to vacate judgment and sentence under Rule 27.26, V.A.M.R. Foster contends he was denied effective assistance of counsel because of failure to investigate his case.

Foster had been sentenced in 1965 to 20 years imprisonment on his plea of guilty to second-degree murder. At the evidentiary hearing on his motion Foster testified: His wife had a quarrel with Edwards, the victim. A few days later Foster was with a man named Ruffin when they were met by Edwards who ordered them into his car. When they arrived at a building on 20th Street, Edwards ordered them to enter an elevator and said he was going to kill them. Foster refused to get into the elevator and a fight ensued. Foster took a pistol away from Edwards but Edwards produced another gun and started firing at Foster, who then shot and killed Edwards. Foster was questioned by police officers, answering some questions but refusing to answer others. He told the police he shot Edwards in self defense, but was indicted on a charge of murder second-degree, to which he first pled not guilty.

Foster was first represented by the Public Defender. Two other attorneys were later appointed to represent Foster but were permitted to withdraw and ultimately Stuart Symington, Jr. was appointed to represent him.

Foster said there were several meetings in the judge's chambers before Mr. Symington was appointed. At these meetings Foster's prior convictions and the second-degree murder charge were discussed. According to Foster, the circuit attorney recommended fifty years and the judge recommended forty years if Foster decided not to stand trial. Between two of these meetings Mr. Symington talked with Foster and Foster gave him the names of persons who could aid in his defense. This conversation lasted approximately fifteen minutes.

The final meeting occurred on December 27, 1965 at which time the judge, the assistant circuit attorney, Mr. Symington and Foster were present. Mr. Symington told them he considered forty years too much time. The possibility of going to trial was discussed and finally Mr. Symington told Foster he would not advise going to trial but would try to get the time reduced. Twenty years was offered Foster by the judge in chambers and Foster agreed to accept it. Foster was ultimately taken into court, entered his plea of guilty and was sentenced to twenty years imprisonment. Foster stated at the evidentiary hearing that he did not consider his plea to be voluntary nor did he feel his defenses were adequately investigated. All this was Foster's version of what preceded his guilty plea.

Both the trial judge and the assistant circuit attorney testified they had never met with Foster in chambers without a defense attorney being present. They also denied encouraging Foster to plead guilty.

Mr. Symington testified he had met with Foster to discuss his case and kept notes of their conversations. Mr. Symington testified from his notes that he first asked Foster how he wanted to plead; Foster declared he did not want to stand trial. He then asked Foster several questions about his background and his case in an attempt to determine if Foster had a defense. There was a notation about a witness named Ruffin who Foster had said was in the City Workhouse on a concealed weapons charge. At the conclusion of the dis-

cussion, Foster again said he did not want to stand trial. No attempt was made to locate Ruffin because Mr. Symington had read the coroner's report concerning Ruffin and felt he would not be favorable to Foster nor would it be in Foster's best interests for counsel to talk to Ruffin. Mr. Symington stated he told Foster he was willing to try the case before a jury if Foster wanted a trial. Foster never changed his mind about not wanting to stand trial, indicating he would change his plea to guilty if the sentence could be for twenty years instead of 40 or 50 years. Mr. Symington began negotiations and the circuit attorney finally recommended the twenty-year sentence.

After the evidentiary hearing the court specifically found Foster had not been denied effective assistance of counsel.

Only one allegation is raised on appeal —that counsel's failure to fully investigate the case constituted ineffective assistance of counsel, rendering Foster's guilty plea involuntary.

 Under Rule 27.26, the findings of the trial court are presumptively correct and should be sustained unless clearly erroneous. The trial judge is the best judge of the witness' credibility. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968). The grounds for relief must be established by a preponderance of the evidence. Beach v. State, 488 S.W.2d 652 (Mo.1972).

 While an accused is entitled to effective assistance of counsel, the standard used to judge representation is not so clear. The question whether an accused has been afforded adequate assistance of counsel is determined from all the facts in light of the time the attorney was required to act, not as it appears to a critic in retrospect. State v. Wilkinson, 423 S.W.2d 693 (Mo.1968). "The ultimate test is whether the efforts and representation of the attorney have reached a level of adequacy so that the defendant has had a 'fair trial'; or if a plea of guilty is entered, that there has

been such adequacy of representation that the plea is voluntarily and understandingly made." Hall v. State, 496 S.W.2d 300 (Mo.App.1973).

Foster now complains his guilty plea was not made voluntarily because his attorney did not investigate his claim of self defense. He testified he gave several names of witnesses to his attorney but his attorney testified that only two names were given. One named witness, Mrs. Edwards, could not be found and the other, Ruffin, was in the Workhouse on a concealed weapons charge. Mr. Symington stated he did not pursue the investigation because the information in the coroner's report about Ruffin was not helpful to Foster and because Foster, from the beginning, declared he did not want to stand trial.

 Defense counsel has a duty to investigate the case against his client. McQueen v. State, 475 S.W.2d 111 (Mo. Banc 1972). This duty includes contacting potential witnesses named by a defendant who might have a bearing on his defense. Where a potential witness may corroborate a defendant's defense, only an independent effort of defense counsel will satisfy his obligation to his client. Jones v. State, 491 S.W.2d 233 (Mo.1973). However "it is impossible to precisely enumerate what counsel in any given case should do to furnish his client with effective assistance. In each case the required activities will vary depending on the offense, the facts, the client and the lawyer. Hodge v. State, 477 S.W.2d 126, 128 (Mo.1972). The myriad of criminal charges, the peculiarities of each criminal case, the nature of the cause, and the desires of the client, as well as many other considerations, preclude the laying down of any absolute, objective rule which compels a conclusion that an attorney is ineffective in a given case." Hall v. State, 496 S.W.2d 303 (Mo.App.1973). While the failure to interview witnesses named by a defendant might render counsel's investigation inadequate, the two additional elements in this case—the unfavorable coroner's report and Foster's expressed

desire not to stand trial—warranted the trial court's finding there was no ineffective assistance of counsel.

The situation here is unlike that in *Hall,* supra, wherein the attorney had no notes, had no recollection of the case and acted merely as an agent for plea bargaining. Mr. Symington took notes, testified from those notes and had some recollection of the case. There was sufficient evidence from which the trial judge could determine Foster did not want to stand trial and wanted to plead guilty.

We cannot say under these circumstances that the trial court's finding Foster was not denied effective assistance of counsel was clearly erroneous and the judgment is therefore affirmed.

McMILLIAN, J., concurs in results only.

GUNN, J., concurs.