James Clarence HAYNES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36630.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 17, 1976.

Motion for Rehearing or Transfer Denied March 10, 1976.

Application to Transfer Denied April 14, 1976.

James C. Jones, Asst. Public Defender, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

Movant-appellant James Clarence Haynes (hereinafter referred to as movant), appeals from an order of the Circuit Court of the City of St. Louis entered by the court after an evidentiary hearing overruling his motion to vacate sentence pursuant to Rule 27.26. We affirm the order of the Circuit Court.

Movant, who was confined until trial, was indicted on March 31, 1970, for the murder of Leroy Visor. At trial, the state produced two identification witnesses; one of whom stated she saw movant shoot Visor, while the other testified that she saw movant fleeing the scene with a weapon immediately after the shooting. Both of these witnesses had known movant prior to the incident and identified him to the police. Movant's defense was alibi and counsel called six (6) witnesses in addition to movant in an attempt to establish his activities around the time of the murder. Movant was convicted by a jury, and a sentence of life imprisonment was imposed on October 16, 1970. The conviction and sentence were affirmed on appeal. The same counsel represented movant on appeal. *State v. Haynes*, 482 S.W.2d 444 (Mo.1972).

In his amended motion to vacate, movant raised twelve (12) points, alleging ineffec-

tive assistance of counsel as well as issues of perjured testimony by police and new evidence revealed after the conviction. Movant was assisted by counsel in the preparation of his amended motion, at the evidentiary hearing, and in the preparation of this appeal. At the hearing, movant's evidence consisted of the testimony of · his mother and himself. Respondent's evidence was the testimony of trial counsel. On October 22, 1974, the court entered an order overruling movant's motion and filed an opinion stating findings of fact and conclusions of law.

On appeal, movant has asserted two points: ineffective assistance of counsel due to a failure to investigate, and ineffective assistance of counsel in failing to lay a proper foundation to impeach due to said failure to investigate.

▇ Upon review we are limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. V.A.M.R. 27.26(j); *Hall v. State,* 496 S.W.2d 300, 303 (Mo.App.1973). Such findings and conclusions are only clearly erroneous if, after review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Crosswhite v. State,* 426 S.W.2d 67, 70 (Mo.1968).

▇ Movant's first issue on appeal is that he was deprived of effective assistance of counsel due to counsel's failure to investigate. While there is no question that an accused is entitled to effective assistance of counsel, *Jackson v. State,* 465 S.W.2d 642, 645 (Mo.1971), a motion filed under Rule 27.26 is a civil action and movant has a heavy burden to carry. *Hall v. State,* supra, at 303. It is recognized that counsel is vested with broad latitude, *McQueen v. Swenson,* 498 F.2d 207, 216 (8th Cir. 1974), is presumed to be competent, and is not to be adjudged incompetent by reason of what, in retrospect, appears to be errors of judgment. *Hall v. State,* supra, at 303.

▇ The overall standard to be applied in measuring counsel's efforts is whether they resulted in a substantial deprivation of movant's right to a fair trial. *Thomas v. State,* 516 S.W.2d 761, 765 (Mo.App.1974); *Hall v. State,* supra, at 303 (Mo.App.1973). The determination of whether this burden had been met by movant is a two-step process. To prevail, movant must show first the failure of counsel to perform some duty, and secondly, that this failure actually prejudiced the defense. *Thomas v. State,* supra, at 767; *Floyd v. State,* 518 S.W.2d 700, 704 (Mo.App.1975).

In the present appeal, movant claims that counsel failed to perform his duty to investigate. Recent Missouri cases have held that, while there is not a "hard and fast rule" to conduct independent investigations in all cases, investigation must be adequate under the circumstances. *Hall v. State,* supra, at pp. 303–4 and *Floyd v. State,* supra, at 704. We note that the trend in this area is toward holding counsel to a higher standard, particularly that of a duty to make a reasonable investigation. *McQueen v. Swenson,* supra, and Bazelon, The Defective Assistance of Counsel, 42 U.Cin.L.Rev. 1 (1973).

Movant's principal claim of failure to investigate is based on claims that counsel failed to meet and discuss the merits and defenses of the case with movant and movant's witness. Movant attempted to show this lack of investigation through testimony from his mother and himself. This testimony was contradicted by respondent's witness, Robert Wendt, who claimed to have met with movant four or five times prior to trial and with movant's witnesses a total of about fifteen times. In its findings of fact, the circuit court stated that movant had not met the burden of proof necessary to overcome the presumption in favor of counsel. "Thus we have a direct conflict in the testimony of the . . . witnesses who were offered on the subject; and the salutary rule in situations of this kind is that studied and responsible deference will be paid to the manifold advantages the trial judge

enjoys in passing on the credibility of those who appear before him to testify. . ." *Fields v. State,* 484 S.W.2d 208, 210 (Mo. 1972).

It does not appear from the record that movant made any effort to impeach counsel through the introduction of documents such as the visitation records of the city jail or of counsel's own office records. During the course of the hearing, movant did not produce any evidence of relevant matters which should have been investigated but were not, other than the mentioning that one of the state's witnesses wore glasses.

■ We cannot, therefore, say that the trial court was clearly erroneous when it found that movant had failed to overcome the presumption of competence or to establish that there had been a failure on the part of counsel to perform the investigatory duty. The trial court was not then required to consider the second question of actual prejudice due to failure to perform a duty.

Movant's second issue on appeal is that he was deprived of effective assistance of counsel by counsel's failing to lay a proper foundation to impeach an important witness of the state due to a failure to investigate. Respondent contends that this issue is not properly before the court, having been raised for the first time in this appeal. *Maggard v. State,* 471 S.W.2d 161, 162 (Mo. 1971) and *Quinn v. State,* 515 S.W.2d 603, 608 (Mo.App.1974). Movant's amended motion claimed that counsel had,

> "[F]ailed to ask Anthony Shinault on cross-examination at the beginning of the State's evidence whether Mr. Shinault had told the police that James Haynes was not one of the men he had seen or whether Mr. Shinault had told Mary Newberry, the movant's mother, that James was not involved in the incident, when Mr. Wendt had been told shortly after the Court appointed him that Anthony Shinault had made those statements."

■ Respondent argues that there is a considerable difference between these two claims and that, therefore, the matter is not properly before the court. We hold that the claims of failure to lay a proper foundation and that of failure to ask certain questions are virtually identical. Movant's motion stated the facts essential to bring the failure relied upon for relief before the circuit court. *State v. Turner,* 353 S.W.2d 602, 603–4 (Mo.1962). The issue now raised was properly before the trial court and has been preserved on appeal.

■ We view movant's second issue on appeal as having two aspects: that counsel failed to adequately perform the duty of investigation; and that this inaction resulted in failure to lay a proper foundation to impeach Anthony Shinault depriving movant of effective assistance of counsel. Movant's brief contends that counsel's failure to investigate resulted in his being unaware of Shinault's contradictory stories until the middle of the trial. In support of this claim, movant relies on the transcript from the original trial, Criminal Case No. 881–S, at 223–4. Respondent, citing *State v. Collett,* 526 S.W.2d 920, 928 (Mo.App.1975), argues that the transcript of the original trial was never admitted into evidence at the hearing and is therefore not properly before the court on appeal. The general rule is that courts will not judicially notice records and facts in one action in deciding another and different one unless the proceeding to be noticed was put in evidence. *Layton v. State,* 500 S.W.2d 267, 269–70 (Mo.App. 1973). A motion filed under Rule 27.26 is a civil action independent of the movant's criminal prosecution. *Hall v. State,* supra, at 303. The rule, however, may be relaxed in consideration of expediency and justice, even if the other record was of the Supreme Court. *Layton v. State,* supra, at 269–70. Since our consideration of the limited portion of the trial record referred to by movant will not change our holding and will aid in arriving at a final determination of the adequacy of counsel's performance, we will approach movant's second issue assuming

**556**

first, that the excerpt of the original record is not before us, and then, alternatively that it is.

At movant's hearing, movant failed to clarify the time at which trial counsel became aware of Shinault's statements to movant's family. When asked on cross-examination whether the family had told him of the conversation, counsel replied, "Yes, sir, they did." In its findings of fact, the court characterized counsel's handling of the cross-examination of Shinault as "trial technique," which failed to establish ineffective action of counsel. It is clear from the record of the hearing that there was not a failure to investigate this matter, as the uncontradicted statement of counsel is that he was aware of Shinault's statements. The failure to lay a proper foundation to impeach. and the resultant failure to impeach are then properly characterized as trial technique due to movant's failure to overcome the presumption of competency. *Coles v. State,* 495 S.W.2d 685, 687 (Mo.App. 1973). It must be remembered that the standard to which counsel's performance will be held is that of a fair trial, not a perfect one. Here, counsel's choice of technique was well within the broad latitude given in conducting a defense. *Lewis v. State,* 513 S.W.2d 772, 775 (Mo.App.1974).

We now consider the statement of counsel in the original trial that he was unaware of the statements by Shinault. It still cannot be said that this is a result of a failure to investigate. The circuit court found, and we have affirmed, that counsel spoke with movant and movant's family on several occasions prior to trial. The only possible source for this evidence, of the statements by Shinault to movant's family, was the family itself. Counsel's efforts to lay a proper foundation after being told of these statements clearly do not constitute ineffective assistance of counsel.

Taking either position, the finding of the circuit court that movant was not denied effective assistance of counsel due to a failure to lay a foundation to impeach should be upheld. Having found no failure to perform a duty, the circuit court did not have to reach the issue of actual prejudice to movant.

The circuit court was not clearly erroneous when it found that there had been no failure to perform the duty to investigate and that movant was not denied effective assistance of counsel due to counsel's failure to lay a proper foundation to impeach.

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.