Harold E. JACKSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36576.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 11, 1976.

Charles Sarkisian, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Chief Counsel, Asst. Atty. Gen., Scott A. Raisher, Lucia Leggette, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for respondent.

RENDLEN, Judge.

Movant appeals denial of his Rule 27.26; V.A.M.R. motion seeking to set aside the conviction of assault with intent to kill with malice and sentence of twenty years imprisonment affirmed on direct appeal in *State v. Jackson,* 477 S.W.2d 47 (Mo.1972).

Movant contends he was denied effective assistance of counsel in that: (1) counsel did

not move for production of a police report which, appellant alleges, would have impeached the prosecution's main witness and established the foundation for a lesser included offense instruction; (2) counsel failed to object to introduction of a rifle used in the crime, thus foreclosing Supreme Court review of the wrongful search and seizure issue; and (3) counsel failed to conduct a full pretrial investigation and to subpoena witnesses and records requested by movant. Appellant also asserts the trial court erred in the 27.26 evidentiary hearing by quashing a subpoena duces tecum for the "police report."

In this review we determine whether "the findings, conclusions and judgment of the trial court are clearly erroneous," Supreme Court Rule 27.26, V.A.M.R.; *Johnson v. State,* 516 S.W.2d 500, 501[3] (Mo.App. 1974). "The burden of proof to establish the oft-levelled claim of ineffective assistance of counsel in post-conviction proceedings is on the movant and such onus is not met unless it is clearly demonstrated that the acts or omissions of counsel went beyond errors of judgment or trial strategy and were of such character as to result in a substantial deprivation of the right to a fair trial." *Crow v. State,* 514 S.W.2d 13, 14[2] (Mo.App.1974).

The first allegation of error concerns defense counsel's failure to request production of a police report in which the State's chief witness is reported to have stated that he shot at movant first. Though not admissible as direct evidence, movant contends the report could have been used to impeach the State's key witness, and lay the foundation for an instruction on the lesser offense of assault with intent to kill *without* malice. Defending his actions, movant's trial counsel Eichenser, testified he was afforded the opportunity to read the police report and in his opinion nothing in the report was useful or favorable to mov-

ant. He further stated that "after consulting with Mr. Moore [co-counsel] we felt the motion would be of no consequence."

In *State v. Aubuchon,* 381 S.W.2d 807, 814[9] (Mo.1964), our Supreme Court held: "[I]f there is a satisfactory showing that a report or statement of a witness in the hands of the State is of such nature that *without it,* the defendant's trial would be fundamentally unfair, then it should be produced; otherwise not." The court further commented "if it be fairly shown that a material prosecution witness had previously made a statement of facts which completely exonerated the defendant, or which would totally change the degree of a crime, this should be produced." However when this case was tried in May, 1970, counsel had no absolute right to a police report. *State v. Aubuchon, supra* at 815. The trial court could in a proper case refuse a request and such action is only reviewable for abuse of discretion. *State v. Cannon,* 465 S.W.2d 584, 587[1] (Mo. banc 1971). The primary reason underlying the restriction on use of police reports are their hearsay character. Often they are written by officers from what they remember having been told and frequently they are the composite work of several officers. As stated in *Duncan v. State,* 520 S.W.2d 123, 125[2] (Mo.App. 1975): "[A] police report contains statements written down by the reporting officer of what other officers have informed him a certain person said in regard to certain facts. It is a condensation, not a verbatim transcript. It contains much hearsay and interpretation by the various officers whose contributions make up the report. It is seldom supported by sworn statements. Such a report cannot even be used to impeach a witness." See also *Williams v. State,* 536 S.W.2d 190 (Mo.App.1976).

Nothing appears in the record to "exonerate" movant or "totally change the degree of the crime."[1] On the contrary, the testimony of defendant's counsel who examined

---

1. Had the police report been admissible as substantive evidence and if the victim had stated he shot at the robber first, when as here movant was an armed threatening intruder in the victim's shop at night, it is doubtful if an instruction of assault with intent to kill *without* malice would be warranted. See *State v.*

the report indicate it was of little or no "consequence" to the defense. In these circumstances it cannot be said that failure to move for production of the report so prejudiced appellant's case that he was denied a fair trial. We rule the point against appellant.

■ Appellant shot at the owner with a .22 caliber rifle when interrupted during an attempted burglary. He now complains his attorneys failed to object to the rifle's admission into evidence, thus not preserving the issue for appellate review and failed to preserve the point for consideration as plain error. The record belies the contention. Defense counsel moved to suppress the evidence arguing want of probable cause in the initial arrest and that the rifle was the fruit of illegal search and seizure. The motion was heard and denied.[2] While it is true that no objection to the admission of the rifle was made during trial, defense counsel testified they decided to abandon suppression of the evidence strategy and concentrate on the identification issue, which, in their opinion was more likely of success. In their judgment this would avoid the risk of confusing the jury and diluting the stronger "identification" issue. Error in trial strategy is not sufficient to establish a charge of incompetence. *State v. Brownridge,* 506 S.W.2d 466, 468[6] (Mo. App.1974); *Cheek v. State,* 459 S.W.2d 278, 281[2] (Mo.1970). As the failure to file a motion to suppress evidence is not, in itself sufficient to show the defendant was deprived of effective counsel, *Brown v. State,* 512 S.W.2d 404, 408[6, 7] (Mo.App.1974); a fortiori when, as here, such motion is filed and overruled, the strategy decision to waive the issue during trial does not constitute ineffective assistance of counsel in the

constitutional sense. Though appellant questions counsels' strategy decision, the rifle was not crucial, as all elements of the offense were fully established by the testimony of prosecution witnesses. The point is ruled against defendant.

■ Appellant next contends counsel failed to conduct a full pretrial investigation, to subpoena Officer Gene Smith and to subpoena certain hospital records. Appellant told his attorneys he had been with Officer Smith prior to the incident, that he had borrowed money from Smith who would testify as an alibi witness, and Smith told another officer that appellant could not have possibly committed the offense. At the evidentiary hearing Attorney Moore testified he had called Smith but Smith would not corroborate appellant's story and stated his testimony would not be favorable to appellant. Smith testified he had not been contacted by Moore although he did admit he could have forgotten.

While choice of witnesses is a matter of trial strategy, *Crow v. State, supra* at 16[5], and exercise of that choice does not afford a basis for a finding of ineffectiveness of counsel, *Monteer v. State,* 506 S.W.2d 25, 27[5] (Mo.App.1974), it is incumbent upon defense counsel in most cases to investigate and contact potential witnesses requested by defendant. *Jones v. State,* 491 S.W.2d 233 (Mo.1973); *Foster v. State,* 502 S.W.2d 436 (Mo.App.1973). In the instant case however, counsel testified that he *had* contacted the witness. The issue thus becomes one of credibility to be resolved by the trial court whose finding is only reversible if clearly erroneous. Rule 27.26(j), V.A.M.R.; *Campbell v. State,* 515 S.W.2d 453 (Mo. 1974); *Quinn v. State,* 515 S.W.2d 603 (Mo. App.1974). We cannot say that the trial

---

*Burns,* 328 S.W.2d 711, 713–14[5, 6] (Mo.1959); *State v. Spencer,* 307 S.W.2d 440 (Mo.1957).

**2.** While no transcript of the motion to suppress proceeding was brought to the Supreme Court in *State v. Jackson,* 477 S.W.2d 47 (Mo.1972), the court's opinion recites facts relative to probable cause for arrest including the victim's immediate description of defendant (movant here), defendant's possession of the rifle used in the crime and his dropping of the rifle in the

officer's presence as he ran to avoid arrest. These and similar facts led the court to comment that notwithstanding its refusal to consider the search and seizure issue stemming from the warrantless arrest, since it was not properly preserved for review, the court did not mean "there was no probable cause for the initial arrest," *State v. Jackson, supra* at 51, implying the point though not reached was not well-taken.

court's finding was clearly erroneous, particularly in light of Smith's testimony that he might have forgotten. We find appellant has not met the burden of proving his charge that failure to subpoena Smith constituted ineffective representation.

■ Appellant's claim regarding his attorneys' failure to obtain certain hospital records was not raised in the evidentiary hearing and thus is not properly before the court for review. *Harkins v. State,* 494 S.W.2d 7, 14[7] (Mo.1973); *Day v. State,* 516 S.W.2d 53, 56[7] (Mo.App.1974); *Steward v. State,* 499 S.W.2d 830, 832[1] (Mo.App.1973).

■ The fourth point is also without merit. Appellant asserts that trial counsel failed to lay a foundation for an instruction on a lesser offense. However, this contention rests on the failure to obtain and utilize the police report mentioned in Point I above and since the report could not have been admitted into evidence nor used to impeach and because it clearly contains no material "which would totally change the degree of a crime" it could not have provided a basis for an instruction on a reduced charge.

■ Finally, the evidentiary hearing court refused to permit reading the police report into the record. Appellant contends this was error, requiring remand because without the report the court could not rule on the seriousness of counsel's failure to move for its production. He misses the mark. A copy of the report was attached to appellant's 27.26 motion. The hearing court was informed of its content and the purpose urged for its admittance. Further, in the criminal proceeding the report was available to and examined by defense counsel but as hereinabove determined, was not admissible or available for impeachment. The point is without merit. Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.