**Oliver Glenn PICKENS,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 38024.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 5, 1977.

---

Huck, Kasten & LaBeaume, James W. Huck, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Marian G. Eisen, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

This is an appeal from the denial, following evidentiary hearing, of Oliver Glenn Pickens' amended Rule 27.26 motion to vacate and set aside his conviction on the charge of Assault with Intent to Ravish with Malice Aforethought and his sentence of fifteen years imprisonment.

Movant's conviction was by jury verdict and was affirmed on appeal. *State v. Pickens*, 527 S.W.2d 29 (Mo.App.1975). Among the seven grounds for relief alleged by movant are ineffective assistance of counsel and incompetency to stand trial. The trial court found that movant had not proven ineffective assistance of counsel and had not proven, if not abandoned, the other grounds alleged in his motion.

On appeal movant contends that denial of his motion was erroneous because: (1) his counsel's failure to investigate and pursue an alibi defense constituted ineffective assistance of counsel and (2) he was incompetent to stand trial and the trial court's

failure to hold a competency hearing denied him due process of law.

■ Our review is limited to a determination of whether the findings, conclusions and judgments of the trial court are clearly erroneous; the trial court's judgment will not be reversed unless, after review of the record, we are left with a definite and firm conviction that a mistake has been made. Rule 27.26(j); *Crews v. State*, 510 S.W.2d 425, 429 (Mo.1974); *Haynes v. State*, 534 S.W.2d 552, 554[1] (Mo.App.1976).

■ The movant has the burden of proving his grounds for relief by a preponderance of the evidence, Rule 27.26(f), *Babcock v. State*, 485 S.W.2d 85, 89 (Mo.1972); *Bolden v. State*, 530 S.W.2d 505, 507 (Mo. App.1975), and that burden is particularly heavy for a showing of ineffective assistance of counsel. *Lahmann v. State*, 509 S.W.2d 791, 794[7] (Mo.App.1974). Counsel is presumed competent and is not to be adjudged incompetent by reason of what, in retrospect, appear to be errors of professional judgment. *Haynes*, supra at 554[3]; *Hall v. State*, 496 S.W.2d 300, 303[2] (Mo. App.1973).

■■ The standard to be applied in determining whether or not movant was denied the right to effective assistance of counsel is whether ". . . the action (or inaction) of counsel w[as] of such a character as to result in a substantial deprivation of defendant's constitutional right to a fair trial . . ." *Thomas v. State*, 516 S.W.2d 761, 765[2] (Mo.App.1974). It is well established that counsel has a duty to investigate the case against his client, which duty includes contacting potential witnesses named by the defendant who might aid in his defense. *Thomas v. State*, supra; *Foster v. State*, 502 S.W.2d 436, 438[4–5] (Mo. App.1973). However, there is no clear rule on what constitutes sufficient case investigation; all that is required is investigation that is adequate under the circumstances of each particular case. *Haynes v. State*, supra; *Thomas v. State*, supra.

In the instant case, movant testified that he gave his attorney the names of his mother, sister, and sister's boyfriend and told him they could testify as to the time he came home and the time he left on the morning the crime was committed and thereby establish an alibi for him. He also stated that no witnesses were called on his behalf at his trial and that no member of his family was present.

Movant's testimony and that of his trial attorney establish that movant testified at trial that he went to work the morning in question, that another man was at work with him, that he became ill and left work at 9:30 or 9:45 a.m., and that when he returned home his mother was there.

Movant's mother testified that movant left home at 8:00 a.m. and returned at 9:30 a.m., saying he was ill. She said she told the police he was not home when they arrived because he had left to get gasoline for the lawn mower. Although she visited her son prior to his trial, he did not request her to call his attorney, and she never talked to his attorney. Movant's sister testified that movant left home at 8:00 a.m. on the morning in question and returned at 9:30 a.m. She also said she never talked to her brother's attorney.

Movant's trial counsel testified that he did consider calling movant's mother and sister, but decided, based on 4 or 5 pre-trial interviews with movant, that they would not be of assistance in the case. The police report indicated the crime took place between 9:00 a.m. and 10:30 or 11:00 a.m. Testifying from his notes, the attorney stated movant told him that he was at work with another man named Sanke until 10:30 a.m., when he became sick and went home. The attorney further stated that movant told him he was met at home by his mother, who told him the police were looking for him, and that he left and was later arrested in the alley. The attorney concluded that, since the police had already been to movant's home when he returned there from work, the mother and sister's testimony would not aid in movant's defense. The attorney stated he did, however, call movant's home in an attempt to locate Sanke,

and that he asked the person with whom he spoke to have the family get in touch with him if they could help with the case. Movant's trial testimony that he left work at 9:30 or 9:45 a.m. surprised his attorney.

It is clear from the testimony that movant did give his attorney the names of his mother and sister and that the attorney did not interview them. It is also evident that, had the mother and sister testified at trial as they did in the evidentiary hearing, they would have helped movant in an attempt to establish an alibi. The evidentiary conflict is between the version of the morning's events the attorney says movant gave him during pre-trial interviews, and the version given by the mother and sister. There is also a question as to whether or not the attorney called movant's home.

■ The trial court believed the attorney's testimony regarding his pre-trial interview with movant and his reliance on the sequence of events movant gave him in deciding whether or not to interview movant's mother and sister. This is a straightforward question of credibility, which is for the trial judge to determine, and we defer to his findings in this regard. *Campbell v. State*, 515 S.W.2d 453, 456[2] (Mo.1974); *Haynes v. State*, supra at 554–55[4].

■ Accepting the attorney's testimony as to the content of his pre-trial conversations with movant, the trial court judge's conclusion that the attorney was justified in deciding not to interview the mother and sister was not clearly erroneous. The attorney's decision was an exercise of his professional judgment. Movant's own statements to his attorney indicated that his sister and mother could not provide an alibi and that the only helpful witness would be Sanke, whom the attorney did attempt to locate.

In *Cochrell v. State*, 537 S.W.2d 584 (Mo. App.1976), defense counsel relied on the defendant's statement that he had not made a statement to the police and therefore did not interview a policeman who surprised him at trial with a damaging answer. There the court concluded, as we do here,

that the defense counsel could not be faulted for relying on the defendant's statement in deciding his trial strategy.

The cases relied upon by appellant, *Thomas v. State*, supra, and *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1972), are distinguishable on their facts. In *McQueen*, the defense attorney did not interview any of the state's 41 witnesses, because as a matter of policy he never interviewed the state's witnesses. In *Thomas*, the defense attorney did not investigate an alibi defense because he believed he would be successful in his pre-trial motions. In both cases the courts stated that the attorneys had not exercised their professional judgment but had abdicated their duty to exercise their professional judgment. *Thomas v. State*, supra at 767; *McQueen*, supra at 216. In the present case the defense attorney did not decline to investigate the case; he exercised his professional judgment, based on the facts as given him by the defendant, as to what investigation would be helpful to movant's defense. He did consider calling movant's mother and sister, but decided that, since the movant did not return home until after the police had been there looking for him, they would not be of assistance in the case. Based on movant's statements to him in several interviews, it was logical to conclude that the only person whose testimony might have a bearing on the case was Sanke, whom he sought to locate. This was a responsible decision and not an action which deprived movant of a fair trial.

■ Appellant's second contention is that the trial court failed to hold a hearing to determine movant's competency to stand trial. Movant's only allegation concerning his competency is that presently, and apparently at the time of trial, he suffers from periodic spells of unconsciousness. No evidence was presented at the evidentiary hearing regarding these spells of unconsciousness or any other circumstances that would raise a doubt concerning movant's competency. The burden of proof in a 27.26 motion lies upon the movant, *Babcock v. State*, supra; *Bolden v. State*, supra, and

allegations alone are not self-proving. *Agee v. State*, 512 S.W.2d 401, 402[1] (Mo. App.1974). The trial court judgment that movant had not proven, if not abandoned, this ground for relief was not erroneous.

In his brief, movant argues that the nature of the offense with which he is charged, assault with intent to ravish a 73-year old woman, and his conduct at the contempt hearing before the trial court, should have raised a doubt with the trial court as to his competency. Since these issues were not raised in the motion or before the trial court, they will not be considered for the first time on appeal. *Harkins v. State*, 494 S.W.2d 7, 14[7] (Mo.1973); *White v. State*, 540 S.W.2d 148, 149[4] (Mo. App.1976).

The judgment is affirmed.

CLEMENS, P. J., and WEIER, J., concur.