John FINGER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39403.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 28, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 10, 1978.

David V. Uthoff, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

McMILLIAN, Judge.

Movant John Arthur Finger appeals from an order of the circuit court of the City of St. Louis denying, after an evidentiary hearing, his Rule 27.26 motion to vacate judgment and sentence. Movant pled guilty and was convicted of burglary in the second degree, carrying a concealed weapon and failing to appear on a bail bond. For reversal movant argues that the trial court erred in overruling his Rule 27.26 motion because (1) his guilty plea to the charge of failure to appear on a bail bond was equivocal and was accepted by the trial court without a sufficient factual basis and (2) his guilty plea to the charge of burglary in the second degree was not voluntary because he was denied effective assistance of counsel. For the reasons discussed below, we affirm the judgment of the trial court.

■ Movant first argues that during the course of the guilty plea proceedings on the charge of failure to appear on a bail bond, he repeatedly stated that he had no knowledge that he was required to appear in court on December 23, 1975. Because he specifically denied an essential element of the charged crime, movant contends that the trial court was under a duty *not* to accept the guilty plea. Movant's reliance, however, upon *Morris v. State,* 482 S.W.2d 459 (Mo.1972) and *State v. Williams,* 361 S.W.2d 772 (Mo. banc 1962), is misplaced. While we agree that a guilty plea, like a confession out of court, should be received with caution and should never be received unless freely and voluntarily made, in the instant case the record of the acceptance of the guilty plea affirmatively shows that the requisite caution was exercised by the trial court. Not only was there compliance with Rule 25.04, V.A.M.R., but after movant gave an equivocal answer, the trial court

stated, "We had better try this case. He says he is not guilty of a crime." Movant immediately responded that "I am not saying that." The trial court then called movant back and continued the proceedings. Further testimony showed that movant had gone to California, without the approval of the trial court, and remained there from December 13, 1975, until May 26, 1976. Movant also stated in response to a question asked by the trial court that it was possible that he would never have returned to Missouri if the authorities had not picked him up and returned him. Our review of the record of the guilty plea proceedings and the transcript on appeal does not convince us that the trial court's ruling on this allegation of error was clearly erroneous. Rule 27.26(j), V.A.M.R.

■ Before considering movant's second allegation of ineffective assistance of counsel, we make three observations. First, where a guilty plea has been entered, the claim of ineffective assistance of counsel bears only on the issue of the voluntariness of the plea, *e. g., Parks v. State,* 518 S.W.2d 181 (Mo.1974). Second, at the time movant entered his plea of guilty, he admitted that he had broken and entered the drugstore with the intention of stealing; he consulted with his attorney concerning his guilty plea and was fully satisfied with his attorney's advice; and he acknowledged that he understood the consequences of his guilty plea, his right to a jury trial and the extent of the penalty involved. Third, a movant to obtain postconviction relief for alleged ineffective assistance of counsel bears a substantial burden of proof. Rule 27.26(f), V.A.M.R.

■ Movant bases his allegation of ineffective assistance of counsel on trial counsel's alleged failure to contact a witness who, according to movant, would have been able to testify in his behalf. So the question becomes did trial counsel's failure to contact this defense witness amount to an abdication of his legal duty such that the

clarity of the alternatives open to movant became so clouded as to compel the relief he seeks. See *Parks v. State,* supra; *Hall v. State,* 496 S.W.2d 300, 303 (Mo.App.1973). In making the aforesaid allegation, movant must show that counsel's alleged failure to contact the witness had an effect upon his decision to plead guilty. *Hall v. State,* supra. In this case movant himself was somewhat doubtful as to whether the failure to contact the witness affected his decision because, in answering that question, he merely stated, "I think so." Movant's explanation was that he and the witness had been arrested at the same time and the witness was later released. We do not know why the witness was released nor what the witness's expected testimony would have been. Granted, in movant's brief he claims the witness's testimony would have impeached the testimony of the police. But, with or without the witness's testimony, movant, after hearing the nature of the state's expected evidence, could have made a reasoned choice to voluntarily and freely plead guilty. Moreover, the position now put forth by movant is refuted by the record. The record of the proceedings prior to the trial court's acceptance of movant's guilty plea unequivocally shows that movant stated that he had not only consulted with trial counsel but also was fully satisfied with his advice. Consequently, we find nothing to condemn the trial court for in any respect now urged by movant.

Accordingly, judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.