**QUALITY DAIRY CO., a corporation, and Arthur G. Schrader, Plaintiffs-Respondents,**

**v.**

**Eugene OPENLANDER, Defendant-Appellant.**

· No. 33597.

St. Louis Court of Appeals, Missouri.

June 12, 1970.

Koenig, Dietz, Herrmann & Abels, Whalen, O'Connor & Byrne, St. Louis, for defendant-appellant.

Gentry, Bryant & Hereford, by Stephen M. Hereford, St. Louis, for plaintiffs-respondents.

CLEMENS, Commissioner.

An intersectional collision between plaintiffs' milk truck and defendant's automobile finally wound up in a judgment for plaintiffs on their petition and against defendant on his counterclaim. The defendant appeals.

Since we reverse for flagrant errors in plaintiffs' two verdict-directing instructions a bare framework of the evidence will suffice. Florissant runs east and west, and Riverview runs north and south; traffic lights control the intersection. Plaintiff Schrader was driving Quality's truck west on Florissant. While still some distance back from Riverview he saw the traffic light ahead was green and without looking again he continued on straight across Riverview. Meanwhile defendant Openlander, headed south on Riverview, had stopped short of Florissant obedient to the red light. About the time it turned green he started forward and his front end

hit the right side of the truck as it was about to clear the intersection.

Plaintiffs submitted their claims—for Schrader's personal injuries and Quality's property damage—on both primary and humanitarian negligence. Their primary negligence instruction disjunctively submitted defendant's failure to keep a lookout or violation of the electric light. (MAI 17.-02–17.01–17.05). Their humanitarian instruction submitted defendant's failure to slacken his speed and swerve. (MAI 17.-14). Before passing on these we consider defendant's contention he was entitled to a directed verdict. We say no.

The defendant's motion for directed verdict stated only generally that "plaintiffs have failed to make a submissible case." Without further particularity defendant has repeated that generality in his after-trial motion and in his Points Relied On. Thus defendant has given neither the trial court, opposing counsel, nor this court the specific grounds necessary to preserve this point for review. Civil Rules 72.02, 79.03 and 83.05(a) and (e), V.A.M.R. The defendant further contended for a directed verdict because plaintiff-driver "was guilty of contributory negligence as a matter of law in failing to keep a lookout." That point is well stated but unsound. Since plaintiffs had pleaded humanitarian negligence their contributory negligence would not bar recovery.

We now look to defendant's attacks on plaintiffs' two verdict directors.

Plaintiffs' primary negligence instruction, basically MAI 17.02, used "or" instead of "and" between the first and second paragraphs: "First, defendant either: failed to keep a careful lookout, or violated the electric light, or Second, defendant's conduct in any one or more of the respects submitted in Paragraph First, was negligent, and * * *." Three times our courts have held that omitting "and" between paragraphs of an MAI verdict direc-

tor was prejudicially erroneous.[1] Those cases hold, specifically or in effect, that omitting the connective "and" permits a jury to find for plaintiff if they believe either, rather than both, the submitted elements. Here that effect was worsened. By using "or" the instruction told the jury specifically to find for plaintiff if they believed either paragraph First or paragraph Second. This, of course, was error.

Plaintiffs submitted humanitarian negligence by MAI 17.14. The third and fourth paragraphs say: "Third, at the moment when Defendant still had enough time so that by using the means available to him and with reasonable safety to himself and all others and by using the highest degree of care he could have avoided injury to the Plaintiff by slackening his speed and swerving, or and Fourth, Defendant negligently failed to so slacken his speed and swerve or and * * *." Note first that after the word "moment" the instruction omits the prescribed words: "when defendant first knew or could have known of such position of immediate danger." The omission allowed the jury to consider defendant's conduct before the time his humanitarian duty arose. This violated Civil Rule 70.01(b), requiring strict compliance with MAI. Compare Chappell v. City of Springfield, Mo., 423 S.W.2d 810 [2], where the damage instruction MAI 4.01 prejudicially omitted "as a direct result of the occurrence mentioned in the evidence."

■ This humanitarian instruction further garbled MAI 17.14 by the incongruous phrase "or and" at the end of both paragraphs Third and Fourth. Oddly enough the point was not preserved for review, but a deviation that can cause such infinite confusion should be avoided on re-trial.

Civil Rule 70.01(b) and (c) declares that where MAI contains an applicable instruction—as MAIs 17.02 and 17.14 were here —deviation is error, "its prejudicial effect to be judicially determined." Our courts have repeatedly borne down on deviations from the straight and narrow path of MAI declaring them erroneous—prejudicially so unless the proponent makes it clear no prejudice has resulted.[2] Plaintiffs' efforts to evade the effect of their errors are not even mildly persuasive.

■ The instruction errors require us to reverse and remand for a new trial. We consider its scope, whether re-trial on plaintiffs' claim only or also on defendant's counterclaim. Section 512.160 V.A.M.S. declares no new trial shall be ordered on issues free from error "unless justice so requires." Here the issues of respective negligence are intertwined; proof of one claim disproves the other. The errors in plaintiffs' verdict-directing instructions lightened their burden of persuasion, and thereby tipped the scales against the defendant recovering on his counterclaim. Thus the verdict against the defendant's counterclaim was tainted with the plaintiffs' errors. Justice requires a new trial on both plaintiffs' claims and defendant's counterclaim. Compare Bramblett v. Harlow, Mo.App., 75 S.W.2d 626 [17, 18].

The judgment is reversed and the cause is remanded for a new trial on all issues.

PER CURIAM.

The judgment is reversed and the cause is remanded for a new trial on all issues.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.

1. Motsinger v. Queen City Casket Co., Mo., 408 S.W.2d 857, 1. c. 860; Moore v. Huff, Mo.App., 429 S.W.2d 1 [2]; and Slyman v. Grantello, Mo.App., 429 S.W. 2d 282, 1. c. 284.

2. Murphy v. Land, Mo., 420 S.W.2d 505 [3–7]; Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255 [2, 3]; Aubuchon v. LaPlant, Mo., 435 S.W.2d 648 [9]; Johnson v. Harrington, Mo. App., 443 S.W.2d 1, 1. c. 4.