**STATE of Missouri, Respondent,**

v.

**Lloyd ADAMS, Appellant.**

**No. KCD 27721.**

Missouri Court of Appeals,
Kansas City District.

Dec. 8, 1975.

Motion for Rehearing and/or Transfer
Denied Jan. 12, 1976.

Thomas M. Larson, Public Defender, Sixteenth Judicial District, E. L. Messina, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert H. House, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

A jury convicted the defendant of first degree robbery by means of a dangerous and deadly weapon and assessed punishment at imprisonment for fifteen years. On this appeal he claims prejudice because the verdict director deviated from MAI–CR, and because a defense exhibit introduced

into evidence by the prosecutor was hearsay and otherwise without probative value.

The sufficiency of the evidence is not in dispute. It is enough to say that the State proved that defendant and two others, armed with shotguns, broke into the apartment of the victims and robbed them of money and personal documents.

The first contention of error is that the verdict director prejudicially deviated from MAI–CR 7.62 [robbery first degree by means of a dangerous and deadly weapon] as modified by MAI–CR 2.12 [as an active participant with others] by the omission of the conjunction *and* between paragraphs Third and Fourth and by using *or* instead of *of* in the clause beginning—*then you will find the defendant guilty*—which follows the numbered paragraphs. As given, the instruction under challenge reads:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on the 23rd day of May, 1974, in the County of Jackson, State of Missouri, Clyde Mitchell possessed lawful U. S. Currency and Coins, and

Second, that at that time and place the defendant, acting with others by means of a deadly and dangerous weapon took the property from Clyde Mitchell against his will by causing him to fear immediate injury to his person, and

Third, that the defendant took the property with the intent to permanently deprive Clyde Mitchell of the property and to convert it or any part of it to his own use,

Fourth, that the defendant knowingly and with common purpose acted together with the persons who engaged in the conduct submitted in the above paragraphs,

then you will find the defendant guilty *or* robbery in the first degree by means of a deadly and dangerous weapon.

However, if you do not find and believe from the evidence beyond a reasonable doubt *each and all of the foregoing,* you must find the defendant not guilty of that offense.

If you do find the defendant guilty of robbery in the first degree by means of a dangerous and deadly weapon, you will fix his punishment by imprisonment by the Department of Corrections for a term fixed by you, but not less than five years, nor more than life imprisonment. (Emphasis supplied.)

Whenever an approved MAI–CR form applies under the law to the facts in a felony prosecution, Rule 20.02(c) excludes any other instruction on the same subject and a submission given in violation of this rule constitutes error, the prejudicial effect to be judicially determined. Rule 20.02(e).

■ The defendant cites two civil cases involving MAI verdict directors [*Motsinger v. Queen City Casket Co.,* 408 S.W.2d 857 (Mo.1966) and *Wilkerson v. State Farm Mutual Automobile Ins. Co.,* 510 S.W.2d 50 (Mo.App.1974)] which hold that the omission of the conjunctive *and* between numbered paragraphs of the instructions constitutes prejudicial error. The logic of these holdings is that omission of the connective *and* allows a jury to find on a belief of less than all the submitted elements. *Quality Dairy Co. v. Openlander,* 456 S.W.2d 608, 610[3] (Mo.App.1970).

Although the instruction which the defendant calls in question here misses the connective *and* between two of the paragraphs, a finding of conviction could not be returned unless the jury believed beyond a reasonable doubt *"each and all of the foregoing [submitted elements]".* This direction left the jury with neither doubt nor choice but to make a finding on each submitted fact. *R–Way Furniture Co. v. Powers Interiors, Inc.,* 456 S.W.2d 632, 640[13, 14] (Mo.App.1970). The instruction here is only verisimilar to those condemned in *Motsinger* and *Wilkerson* cited by defendant, thus those authorities do not control our decision.

■ The defendant challenges the verdict director on the additional ground that

the substitution of *or* for *of* in the clause which follows the numbered paragraphs caused confusion and prejudicial error. On the motion for new trial, the court considered this contention and concluded, nevertheless, that the jury understood that the word, properly typed, was intended to read *of*. We concur with the trial judge that the lapse was only a peccadillo from which prejudicial error could not have resulted.

The last claim of error relates to this trial incident: The police detective who had conducted the lineup which exhibited the defendant to the victims for identification was called as a witness for the State. He testified that he had recorded the responses of those viewing the lineup in his written report and that one of them made positive identification of the defendant, but that the other victim, Carla Mitchell, was not certain that the defendant was one of the robbers. On cross-examination, counsel for the defendant marked the report as a defense exhibit, established by the detective that the report was recorded in his hand at the time of the lineup and that Ms. Mitchell at that time was not positive of her identification of the defendant. Immediately following this cross-examination of the detective, the prosecutor offered the entire record into evidence. Counsel for defendant objected on the single ground that no proper foundation for the exhibit had been made. The court received the record in evidence over the objection.

On this appeal, the defendant claims only that the exhibit was hearsay and otherwise without probative value and thereby prejudicial. This contention departs from the trial objection of lack of foundation to receive the exhibit as evidence. A litigant may not shift or broaden his trial objection on appeal. *State v. Larkins,* 518 S.W.2d 131, 135[6] (Mo.App.1974).

The judgment is affirmed.

All concur.