**Ricky JONES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38437.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 6, 1977.

Ira M. Young, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant Ricky Jones appeals the denial of his Rule 27.26 motion. He was convicted of first degree robbery and sentenced under the Second Offender Act to 25 years' imprisonment. We affirmed in *State v. Jones*, 528 S.W.2d 14 (Mo.App.1975).

By his Rule 27.26 motion movant alleges ineffective assistance of counsel because his court-appointed counsel (1) did not interview him until three days before trial, (2) did not interview alibi witnesses and (3) failed to interview state's witnesses.

At an evidentiary hearing movant testified no attorney met with him during his six months in jail; that trial counsel Frederick Buckles met with him only twice, the first time being only three days before trial. Movant testified that at the first meeting he told Mr. Buckles there were alibi witnesses but counsel did not ask their names and movant did not volunteer them; that counsel took no notes during the interview.

Movant further testified that at the second meeting he gave counsel the names of six alibi witnesses, including Karen Jones and Barbara Harvey, telling him they were down at the school and saw him there during the robbery. But movant testified counsel told him an interview with Karen Jones indicated she would be a sufficient alibi witness and the other five persons would not be necessary. Movant testified the uncalled witnesses would have testified to the same alibi as Karen Jones, but at his evidentiary hearing movant called only Barbara Harvey.

Movant's trial counsel, Mr. Buckles, testified: Movant was interviewed four days after his arrest by an attorney from the public defender's office and another attorney appeared with movant at the preliminary hearing; Mr. Buckles was subsequently assigned to the case for trial. His notes showed he had two interviews with movant. Those notes also named possible witnesses given him at the first meeting, with additional names given at the second interview.

Mr. Buckles testified his trial preparation included examining the preliminary hearing transcript, the police reports, evidence of movant's fingerprints, filing a motion to suppress lineup identification, examining the scene of the crime and viewing the state's photos to be used at trial.

Mr. Buckles further testified the next part of his investigation consisted of interviewing witnesses, that being done by the public defender's investigator. After this, the name of Karen Jones (whose name movant had not given counsel) came up. In interviewing her, counsel determined that only she would testify to an alibi. Mr. Buckles denied movant ever gave him the name of Barbara Harvey as an alibi witness.

At the evidentiary hearing Barbara Harvey testified she was at a nearby schoolyard from 12:00 noon to 3:30 and while swimming saw movant playing basketball there; that she then left to go to Speckhart's drug store and learned it had been robbed; that she saw three men running from the drug store, but did not recognize movant as one of them. Movant called none of the other persons he says he had told counsel about.

In denying movant's motion the trial court found Barbara Harvey's testimony unbelievable. Reciting trial counsel's pretrial efforts, the court found Mr. Buckles sufficiently prepared the case.

On appeal from the denial of a Rule 27.26 motion we determine whether the judgment is clearly erroneous. Rule 27.26(j). As to credibility, we consider the trial court's opportunity to view the witnesses and weigh their testimony. *McLarty v. State*, 536 S.W.2d 173[3] (Mo.App.1976).

Trial counsel's effectiveness cannot be measured by the time spent with his client, absent a showing more time was needed. *Roulette v. State*, 504 S.W.2d 331[2] (Mo. App.1974). "A movant who contends inadequate investigation by counsel has the burden of showing that a fuller investigation would have uncovered evidence which would have improved his trial position and that he was deprived of evidence of substance by such neglect to his prejudice." *Fritz v. State*, 524 S.W.2d 197[2] (Mo.App. 1975); *Williams v. State*, 536 S.W.2d 190[6] (Mo.App.1976). Further, movant's claim of ineffective assistance of counsel fails if it is not shown "that on retrial there will be substantial evidence to support a defense which was not available at the previous trial because of counsel's failure to conduct a proper investigation." *Floyd v. State*, 518 S.W.2d 700[10] (Mo.App.1975).

The record here fails to indicate trial counsel's investigation was not diligent and complete. He reviewed the state's evidence, including transcripts, police reports, lineup procedures wherein movant was identified by the three victims, and physical evidence. He also moved to suppress identification. After consulting with movant, he caused several persons named by movant as possible witnesses to be interviewed. The investigation uncovered another witness, Karen Jones. From the interview with her, counsel concluded she was the only relevant alibi witness. The trial transcript on the appeal shows counsel was justified in making this determination. At trial, Karen Jones testified movant was at her house since the previous night and had stayed there overnight. The records demonstrate rank disparity in movant's trial evidence with that at the evidentiary hearing. Barbara Harvey's evidentiary hearing testimony contradicts the alibi testimony given by Karen Jones at trial. We find the trial court was not clearly erroneous in resolving the conflict between counsel's testimony and that of movant in favor of counsel.

Movant presented no evidence showing trial counsel failed to perform his duty to movant's prejudice; his allegation of ineffective assistance of counsel was properly denied.

Judgment affirmed.

DOWD and SMITH, JJ., concur.