STATE of Missouri,
Plaintiff-Respondent,

v.

Charles POOLE, Defendant-Appellant.

No. 38403.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 20, 1977.

Terry Burnet, Robert G. O'Blennis, Asst. Public Defenders, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Defendant appeals from a judgment of conviction for assault with intent to kill with malice, § 559.180, RSMo 1969, entered by the circuit court of the City of St. Louis. Defendant was sentenced to 20 years in the Missouri Department of Corrections pursuant to the Second Offender Act, § 556.280, RSMo 1969.

For reversal, defendant urges that the trial court erred in overruling his objection to that part of the prosecutor's closing argument in which the prosecutor referred to the defendant as a hoodlum, and that part in which the prosecutor put the sole burden of ending crime in St. Louis on the jurors. Defendant also alleges the trial court erred in admitting Exhibits 21–A and 22–B, two spent shotgun shells, because inadequate foundation was laid for their admission and even if the proper foundation was laid, the prejudice introduced by the shells outweighed their probative value. We find that the above allegations of error were not properly preserved or are of no merit and accordingly affirm.

On January 25, 1974, about half an hour before the alleged assault, appellant and several of his friends were involved in a fight with two of the victim's brothers, Leroy and Randy Wilson, at Lee's Market. Appellant was struck and injured by Randy Wilson.

The Wilsons returned to their home at 915 Clarendon Street. Shortly thereafter Andrew Wilson left the house and crossed the street to go to a liquor store. As he was about to enter the store, Morris Bynum, one of defendant's friends involved in the fight, walked up to Andrew, exchanged a few words and shot Andrew, injuring him. Andrew ran into the liquor store, fell down and then ran back across the street to his house. It was while he was returning to his house that he was allegedly shot by the appellant, who was in the Wilson garage. As Andrew reached his house, his brother Willie Wilson came out on the porch and fired one shotgun blast which killed John Frederick, and injured Lydia Wilson, Tommy Davis and Mary Thomas.

The following excerpt from the prosecutor's argument and the defense counsel's objections constitutes the basis of the defendant's first two allegations of error:

"Well, ladies and gentlemen, there is nobody, and I mean nobody, that cares about the problems of the City of St. Louis except the City of St. Louis residents. There is nobody in Washington or in East St. Louis that cares, or in St. Louis County that cares, and the only people who care as to what happens in this city are the citizens. As you sit here, you represent this community. Are you going to tolerate acts like this going on on our streets? Have we finally reached the end of the rope? Are we going to announce to the other hoodlums in this city that we are not going to—

"Mr. O'Blennis: I object to that.

(Whereupon, the following proceedings were had at the bench, in the presence but out of the hearing of the jury;)

"Mr. O'Blennis: The final argument is, is it a reasonable inference, and the facts involved, and there is nothing about crime in the City of St. Louis and protecting everyone else.

"MR. ROGERS: It's clearly the function and proper argument.

"THE COURT: I will overrule that objection.

(Thereafter, the following proceedings were had within the presence and hearing of the jury:)"

As can be seen, the defense counsel, at trial, objected neither to the prosecutor's implication that the defendant was a hoodlum nor to that part of the prosecutor's argument in his motion for a new trial. Therefore, this objection is not preserved for our review, *State v. Hill*, 539 S.W.2d 521, 528–30 (Mo. App.1976), Rule 27.20(a). Nor do we find it so prejudicial as to warrant review as plain error. Rule 27.20(c), V.A.M.R. Courts have consistently held that such name-calling is ill advised, intemperate and unnecessary but it is not prejudicial, especially where there is evidence which would support such a characterization. *State v. Wallace*, 504 S.W.2d 67, 72 (Mo.1973) (prosecutor called the defendant a "young punk"); *State v. Harris*, 351 S.W.2d 713, 716 (Mo. 1961) (prosecutor called the defendant a "lying thief"); *State v. Ayers*, 305 S.W.2d 484, 487 (Mo.1957) (prosecutor called the defendant a "desperado" and "hoodlum"); *State v. Eison*, 271 S.W.2d 571, 572 (Mo. 1954) (prosecutor called the defendant a "drunken killer"); *State v. Armstead*, 283 S.W.2d 577, 583 (Mo.1955) (prosecutor called the defendant a "pimp"). Here, even if the prosecutor's reference to "other hoodlums" implied that the defendant was a hoodlum, such a characterization is not totally unsubstantiated by the evidence for the defendant was involved in one fist fight and at least present at a shoot-out in the same evening. While we admonish the prosecutor to maintain the decorum consonant with his position as representative of the state and to avoid such odius characterizations of the defendant, we do not believe the prosecutor's argument in this case so overstepped the bounds of propriety as to create manifest injustice so as to require our review pursuant to Rule 27.20(c).

■ The defendant also alleges that the trial court erred in overruling his objection to that part of the prosecutor's argument in that prosecutor put the sole burden of ending crime in St. Louis on the jurors. This objection was properly preserved and we will consider it on its merits. The prosecutor may "properly call the attention of the jury to the prevalence of crime, if such be the commonly known fact, the necessity of convicting those proved guilty of crime and evil results that will flow to society from a failure of the jury to do its duty." But the prosecutor cannot "arouse [the] personal hostility of the jurors toward the defendant, especially by implanting fear in them that acquittal of defendant will endanger their own safety or the safety of some member of their family." *State v. Groves*, 295 S.W.2d 169, 174 (Mo.1956). See also *State v. Burnett*, 429 S.W.2d 239, 246 (Mo. 1968); *State v. Evans*, 406 S.W.2d 612, 616–17 (Mo.1966); *State v. Laster*, 365 Mo. 1076, 293 S.W.2d 300, 306 (Banc 1956).

■ By comparing the prosecutor's argument in this case with other arguments which have been found to be prejudicial it is apparent that the prosecutor here has not stepped beyond the permissible boundaries for argument. In *State v. Groves*, supra, where the defendant was charged with assault with intent to rape the following argument by the prosecutor was found to be prejudicial:

" 'Send this man to five years in the Pen. Don't let him out running around the streets 'cause if any of you have any daughters and if this defendant ever got the opportunity your daughter could be the next one, or your grandchild or something.' . . ." (*State v. Groves*, 295 S.W.2d at 173)

Clearly when the prosecutor begins to suggest that this particular defendant could endanger the daughters and granddaughters of the jurors, he has implanted fear in them that the defendant's acquittal will endanger their families.

In *State v. Heinrich*, 492 S.W.2d 109 (Mo. App.1973), where the defendant was charged with first degree robbery, the prosecutor argued:

" ' . . . Should *this man ever be al-lowed to walk the streets, will he ever be able to walk into society without all of us being afraid*' . . . There are some people that can't be permitted to *walk into stores,* walk down the street, can't be permitted to walk into a *hardware* or filling station because they know their only means of making a living, in fact, they've chosen that way of life, is to use force, brute force, and use a gun in order to extract money from people. *This man could hurt someone* . . . He's not going to do it in jail *but wait until he gets out,* what will happen the next time?' " (*State v. Heinrich,* supra, at 115)

Again, here the prosecutor has purposely tried to make the jurors personally afraid if they should acquit the defendant, and the court properly held that it was prejudicial.

Compared with the above arguments the prosecutor's argument here is within the proper bounds for he merely refers to the crime problem in St. Louis City, which is common knowledge, and reminds the jurors that they represent the community in this trial.

■ Defendant's last claim of error that the shotgun shells were improperly intro-duced, was not preserved for our review because the defendant completely changed the substance of his trial objection in his motion for a new trial and on appeal. At trial the defendant objected to the introduc-tion of the shells on the ground that the " . . . proper chain of custody has not been shown." In his motion for a new trial and on appeal the defendant abandoned this objection and claimed that inadequate foun-dation was laid for their admission and that they were prejudicial. This shift in the substance of his objections is impermissible and, by doing so the defendant has failed to preserve this point for review. *State v. Adams,* 531 S.W.2d 763, 765 (Mo.App.1975); *State v. Larkins,* 518 S.W.2d 131, 135–36 (Mo.App.1974). This result is equitable for when the defense counsel objected to the admission of the shells at trial on the ground that the " . . . proper chain of custody has not been shown" the prosecutor adequately rebutted this objection by ex-plaining that the officer who found the shells identified them as the ones he found on the night of the shootings. If the de-fense counsel had properly objected that insufficient foundation was laid for their admission, the prosecutor would have had the opportunity to explain that sufficient foundation had been laid or to lay the nec-essary foundation. To allow the defendant to change his objection after trial is to circumvent the prosecutor's opportunity to satisfy the defendant's objection.

■ To review this allegation of error it is necessary that we do so as "plain error" pursuant to Rule 27.20(c), which we decline to do. While much of the testimony is confusing there is sufficient circumstantial evidence for the jury to find that the de-fendant fired at Andrew Wilson without whatever probative effect the shotgun shells would have had. Nor can we accept the defendant's frivolous argument that the introduction of the two shells together, one presumably from Willie Wilson's gun, caused "the jury to see Charles Poole and Willie Wilson as equally involved in a 'shoot-out' which resulted in one death and four injuries." This claim is not borne out by the evidence or the manner in which the trial was conducted.

For the above reasons the judgment is affirmed.

STEWART and REINHARD, JJ., concur.