Robert McCOY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39816.

Missouri Court of Appeals, St. Louis District, Division Four.

Oct. 10, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1978.

David V. Uthoff, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, III, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Charles D. Sindel, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

This is an appeal by movant from the trial court's order, following an evidentiary hearing, denying movant relief pursuant to Rule 27.26. Movant requested that the trial court vacate its ruling on a prior 27.26 motion as well as his conviction on the charge of Assault with Intent to Ravish with Malice.

The movant, Robert McCoy, was convicted by a jury, and sentenced to twenty-five years imprisonment pursuant to the Second Offender Act. The conviction was affirmed on appeal in *State v. McCoy*, 530 S.W.2d 8 (Mo.App.1975). As his ground for relief, movant alleges ineffective assistance of counsel.

At the evidentiary hearing, movant testified that while awaiting trial in City Jail, he was visited twice by his attorney, a Public Defender. Movant contends that during the first meeting he advised his attorney that an acquaintance, Floyd Harris, committed the offense with which he was charged.

Due to the fact that movant had only been familiar with Harris for three days prior to the incident, he was able to advise his attorney of the block on which Harris resided, but not the particular house number. The Public Defender testified that his investigator went to the block designated by movant, but was unable to locate Harris. In his second meeting with his client, he advised movant of the investigator's lack of success.

The main thrust of this 27.26 motion is the contention that counsel's inability to locate Harris reflected a failure to conduct a proper investigation, and amounted to ineffective assistance of counsel.

The framework within which an ineffective assistance of counsel allegation is to be considered is whether "the action (or inaction) of counsel was of such character as to result in a substantial deprivation of defendant's constitutional right to a fair trial." *Thomas v. State*, 516 S.W.2d 761, 765[2] (Mo.App.1974). Furthermore, it has been held that an attorney has a duty to conduct an investigation which is adequate under the circumstances. This duty includes contacting witnesses named by the defendant who may assist in the defense. *Pickens v. State*, 549 S.W.2d 910 (Mo.App. 1977).

An application of this framework to the present case requires an affirmance of the lower court's decision. The Public Defender visited the movant twice, questioned him regarding possible witnesses, and reported back to him concerning the progress of his investigation. Movant did not suggest any other line of inquiry which would lead to locating Harris.

It is our opinion that counsel's inability to locate witnesses favorable to the defense was not an indication of a poorly conducted investigation but rather a reflection on his client's inability to furnish the names and whereabouts of potential witnesses. "In the preparation of a case a lawyer is not required to be clairvoyant, and he must of necessity rely on information furnished him by his client." *Johnson v. State*, 479 S.W.2d 416, 420 (Mo.1972).

We do not find the trial court's decision to be clearly erroneous. Rule 27.26(j). *Haynes v. State*, 534 S.W.2d 552 (Mo.App. 1976). Movant did not establish that his attorney inadequately performed a duty owed his client.

Judgment affirmed.

SNYDER, J., and ALDEN A. STOCKARD, Special Judge, concur.