Leroy MAYES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

Nos. 41100, 41101.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 16, 1979.

Motion for Rehearing or Transfer
Denied Nov. 20, 1979.

Application to Transfer Denied
Dec. 6, 1979.

Cynthia S. Holms, Sp. Asst. Public Defender, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant Leroy Mayes, hereafter "defendant," has appealed the denial of his Rule 27.26 motion after an evidentiary hearing.

Six years after trial defendant sought to vacate his conviction for murder which had been affirmed on appeal. See *State v. McKinney and Mayes*, 475 S.W.2d 51 (Mo. 1971).

By his amended motion defendant pleaded his retained trial counsel, Mr. Curtis Crawford, had failed to give him effective assistance. At trial co-defendant McKinney was represented by Mr. Robert Dierker.

■ Defendant first complains his counsel failed to adequately interview him. As to that complaint defendant testified Mr. Crawford interviewed him only twice, a few minutes each time. Defendant did not call Mr. Crawford to testify, but co-counsel Robert Dierker testified he and Mr. Crawford worked closely in preparing for trial; that they interviewed prospective witnesses; that he had spent from 150 to 200 hours in preparation and "Mr. Crawford about half that." Thus, the record refutes defendant's contention of inadequate assistance of counsel in failing to adequately interview him. Compare *Jones v. State*, 556 S.W.2d 209 (Mo.App.1977).

The core of defendant's complaint is that counsel failed "to produce and call [named] witnesses at trial." At his evidentiary hearing defendant called none of these witnesses, nor his trial counsel Curtis Crawford. We have, however, the detailed testimony of co-counsel Robert Dierker.

■ Defendant contends four witnesses should have been called, including witness Tom Croce. Croce, a restaurant customer at the time of the robbery-murder, identified four other men who entered the restaurant. His testimony would not have helped defendant who remained outside as a lookout.

■ Defendant argues that counsel should have called a man named "Lefty" as an alibi witness. Mr. Dierker testified he had found this testimony would have conflicted with the alibi testimony of another witness, Willie McMiller, who did testify; both Mr. Dierker and Mr. Crawford believed McMiller was the more credible witness.

■ Defendant contends trial counsel should have called Walter Berry, who had already pleaded guilty to the robbery-murder, and who, defendant testified, would have testified defendant was "not involved in this incident." Trial counsel considered calling this tarnished witness, but found they could not do so without delaying trial and thereby losing their best alibi witness, Willie McMiller.

Last, defendant challenges trial counsel in failing to call a witness named Jack as a character witness. Defendant pleaded that Jack was a potential alibi witness, but at the hearing testified Jack "was going to be somewhat of a character witness." On neither direct nor cross examination was Mr. Dierker questioned about Jack.

■ We view the court's denial of defendant's motion in the light of settled principles. The trial court's conclusion of effective counsel is presumably correct and to be rejected only if we find it is clearly erroneous. *Maggard v. State*, 471 S.W.2d 161[5] (Mo.1971). Choice of witnesses is a matter of trial strategy. *Jackson v. State*, 537 S.W.2d 211[6–8] (Mo.App.1976). In challenging counsel for failure to call a witness defendant must show how that testimony would have helped him. *Shepperd v. State*, 529 S.W.2d 943[3–4] (Mo.App.1975). The trial court has the right to reject a defendant's testimony even though not contradicted. *Skaggs v. State*, 476 S.W.2d 524[1–3] (Mo.1972). Viewing the record in the light of these principles we find no reversible error in denying defendant's motion.

Judgment affirmed.

DOWD, P. J., and CRIST and REINHARD, JJ., concur.