**Andrew Lee HARRIS—El or Bey, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41914.**

Missouri Court of Appeals, Eastern District, Division Three.

June 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 18, 1980.

Application to Transfer Denied Sept. 9, 1980.

Howard E. McNier, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Michael A. Scearce, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Movant was convicted by a jury of robbery in the first degree by means of a dangerous and deadly weapon. His conviction was affirmed on appeal in *State v. Harris*, 571 S.W.2d 443 (Mo.App.1978). Movant then filed this Rule 27.26 motion in which he challenged the effectiveness of his trial counsel. He was accorded an evidentiary hearing. The court below overruled the motion. Movant appeals.

■ We must affirm the ruling of the Rule 27.26 judge unless it appears his findings, conclusions, or judgment are clearly erroneous. *King v. State*, 592 S.W.2d 262, 263 (Mo.App.1979). In order to prove ineffective assistance of counsel, it was necessary for movant to show: (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) movant was prejudiced by this failure. *Seales v. State*, 580 S.W.2d 733, 736–37 (Mo. banc 1979).

■ Movant contends on appeal and testified at the evidentiary hearing that his trial counsel did not permit him to testify in his own behalf. Trial counsel gave contrary testimony on this issue. Credibility is peculiarly within the province of the trial court. *Shoemake v. State*, 462 S.W.2d 772, 775 (Mo. banc 1971). This point has no merit.

██ Movant next complains of trial counsel's handling of the pretrial investigation. Trial counsel testified at the hearing below to the following. When movant first met with trial counsel, movant informed him that he was present when the robbery took place, but he took no part in it. He did not provide trial counsel with the names of any witnesses. Before trial, counsel met with movant once, spoke to him by telephone at least once, and handled a motion to suppress identification. Effectiveness of a lawyer cannot be measured by the time spent with his client, absent a showing that more time was needed. *Jones v. State*, 556 S.W.2d 209, 211 (Mo.App.1977). In light of the foregoing, the conclusion of the court below that trial counsel's preparation and investigation were adequate is not clearly erroneous. *Jones v. State, supra.*

██ Finally, movant complains of trial counsel's failure to call a witness able to testify in movant's favor on a damaging piece of physical evidence. As we noted above, trial counsel's testimony at the Rule 27.26 hearing was that movant supplied him with no witnesses. Failure to call this witness cannot be attributed to counsel's ineffectiveness. The court below was not clearly erroneous in finding counsel adequately represented movant. *McCoy v. State*, 574 S.W.2d 11, 12 (Mo.App.1978); *Jones v. State, supra.*

The judgment is affirmed.

DOWD, P. J., and REINHARD, J., concur.