Charles POOLE, Appellant,

v.

STATE of Missouri, Respondent.

No. 45806.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 25, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 19, 1984.

Application to Transfer Denied
July 17, 1984.

Devereaux, Stokes, & Luehrman by Daniel R. Devereaux and Frances M. Luehrman, St. Louis, for appellant.

John Ashcroft, Atty. Gen. by John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

ARTHUR LITZ, Special Judge.

Appellant Charles Poole after a hearing appeals from the trial Court's decision overruling his Rule 27.26 Motion to correct, vacate or set aside his conviction and sentence. The grounds are based on ineffective assistance of counsel at his trial. We reverse and remand.

Poole was convicted of assault with intent to kill with malice in 1976, from an altercation in a melee involving many people, and sentenced to twenty years in the Missouri Department of Corrections. The

conviction was affirmed in 1977. *State v. Poole*, 556 S.W.2d 493.

The Public Defender who conducted the trial had the case for approximately six months. An initial Public Defender interview sheet listed the names of the witnesses, Johnnie Davis and Jerome Lewis. Counsel's handwritten note in his file requested his investigator find the names and addresses of Poole's five witnesses, which was his normal procedure. In the file were listed the names of Jerome Lewis, Jimmie Lewis, Sherman Hernton, Gregory Johnson and Jerome Stephenson. In addition there was the name of Wayne Martin with addresses for Jerome Lewis, Hernton and Martin. At the 27.26 hearing the Public Defender who tried Poole's case admitted that his file did not reveal that any investigator had ever gone out to investigate these persons or talked to any of them.

Each time the case would appear on a docket Poole was sent a letter asking that he appear for a conference (appellant being on bond) and Poole would always appear and at times would talk on the telephone. Appellant was requested to bring witnesses for each conference but the lawyer recalled that only once did witnesses actually appear. He admitted he may have spoken with some of Poole's witnesses on the telephone before trial but not in person. He also stated that Poole may have brought witnesses to his office when he was unavailable. He further recalled that Poole brought two witnesses to Court after the trial began but could not recall their names and for some reason did not think their testimony would be useful.

The attorney also testified that his notes indicated he spoke with a Larry Malloy and they indicated Malloy did not see the shooting. Another note indicated he may have tried to contact a Wayne Martin and discovered he was in a federal penitentiary. He stated that he did not believe he ever issued subpoenas for the Lewises, Stephenson or Hernton, who appellant alleged were his alibi witnesses.

Counsel stated he and Poole discussed whether appellant should testify but said since he did not take the witness stand, it was "probably" because he did not want to. Counsel "may" have advised Poole not to testify because he had a previous conviction for stealing and was on probation for one or two years. The attorney could not recall discussing defense strategy with appellant. The day the trial began defendant and one potential witness appeared but neither testified. The only witnesses called for the defense were two police officers, who gave hearsay evidence that Poole shot the victim. This was the only direct testimony in the case linking the defendant to the shooting.

■ It has been held that counsel has a duty to investigate the case against his client, which duty includes contacting potential witnesses named by the defendant who might aid in his defense. *Thomas v. State*, 516 S.W.2d 761, 765.

The Public Defender's trial preparation was meager at best. The record is clear by preponderance of the evidence that the defendant's attorney did not make any investigation as to whether the potential alibi witnesses could help defendant's cause. It was not evidently trial strategy or a conscious decision not to use the witnesses because investigation demonstrated to the attorney that their testimony would not help nor was it an error in judgment. If such were the case Poole's allegations of ineffective assistance of counsel would be of little avail. *Pickens v. State*, 549 S.W.2d 910; *Chambers v. State*, 592 S.W.2d 542.

■ In *Seales v. State*, 580 S.W.2d 733 at 735 the Supreme Court cited and approved *Reynolds v. Mabry*, 574 F.2d 978 (8th Cir.1978). The criteria in determining the question of ineffective assistance of counsel is "... that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances." *Seales* also adopted the holding of *Witham v. Mabry*, 596 F.2d 293 (8th Cir.1974) that "in order to prevail on a claim of ineffective assistance of counsel, a

defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudiced thereby."

 In the case at hand we hold that defense counsel failed the tests set forth in *Seales.* He did not investigate potential alibi witnesses, and most importantly for some unexplained reason used as the defendant's only witnesses, two police officers who gave hearsay testimony most damaging to defendant's claim of innocence.

These multifarious acts lead to the illation that the cumulative effect was to deprive defendant of his constitutional right to effective assistance of counsel at his trial, *McCoy v. State,* 574 S.W.2d 11; *Thomas v. State,* 516 S.W.2d 761.

The judgment of the Circuit Court is reversed and this cause is remanded for further proceedings.

SATZ, P.J., and NORWIN D. HOUSER, Senior Judge, concur.